

1   Robert J. Gibson (#144974)
    hgibson@swlaw.com
2   Alina Mooradian (#245470)
    amooradian@swlaw.com
3   SNELL & WILMER L.L.P.
    600 Anton Boulevard, Suite 1400
4   Costa Mesa, California  92626-7689
    714.427.7000
5   714.427.7799, facsimile

6   Attorneys for Defendants
    GEICO Indemnity Company;
7   Government Employees Insurance Company;
    GEICO General Insurance Company;
8   GEICO Casualty Company

9               IN THE UNITED STATES DISTRICT COURT

10          FOR THE CENTRAL DISTRICT OF CALIFORNIA

11  CHRISTOPHER SUTTON, on             CV13-  5954 SVW (CWx)
    behalf of himself, all others similarly
12  situated, and the general public,      CLASS ACTION

13              Plaintiff            NOTICE OF REMOVAL OF
                                     ACTION TO UNITED STATES
14  vs.                              DISTRICT COURT UNDER 28
                                     U.S.C. § 1441(b) (DIVERSITY)
15  GEICO INDEMNITY COMPANY,
    GOVERNMENT EMPLOYEES             DATE OF FILING:    July 1, 2013
16  INSURANCE COMPANY,               DATE OF REMOVAL:   August 14, 2013
    GEICO GENERAL INSURANCE          TRIAL DATE:        None
17  COMPANY, GEICO CASUALTY
    COMPANY, business entities, form
18  unknown, and DOES 1 through 10,
    inclusive,
19
                Defendants.
20

21

22  TO:  TO THE HONORABLE JUDGES AND CLERK OF THE

23       ABOVE-ENTITLED COURT

24       Plaintiff's Complaint seeks a class with citizens of forty-three (43) different

25  jurisdictions, District of Columbia, (Compl. ¶¶ 15, 18), and Puerto Rico, (Compl. ¶

26  18).  Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants GEICO Indemnity

27  Company, Government Employees Insurance Company, GEICO General Insurance

28  Company and GEICO Casualty Company ("GEICO") remove this civil action from

                                    1                    Case No. TBD

17760714

1  the Superior Court of the State of California, County of Los Angeles, Central

2  District to the United States District Court for the Central District of California.

3  This Court has original subject matter jurisdiction over this action because complete

4  diversity of citizenship exists between the properly joined parties and the claimed

5  amount in controversy exceeds $75,000.

6        As grounds for removal, GEICO states:

7  ## BACKGROUND

8       1.    On July 1, 2013 Plaintiff's counsel filed a forty-three (43) state,[1]

9  District of Columbia, and Puerto Rico Class Action Complaint for Damages

10  ("Complaint" or "Compl."), *Christopher Sutton, on behalf of himself, all others*

11  *similarly situated, and the general public v. GEICO Indemnity Company, et al.*,

12  Case No. BC 513912 against GEICO and Does 1 through 10 in the Superior Court

13  of the State of California, County of Los Angeles, Central District. A copy of the

14  Complaint and Summons are attached as **Exhibit 1**. Though Plaintiff has not

15  identified any class members other than himself, it is alleged that there are more

16  than 200 class members from forty-three (43) different states.[2] (Compl. ¶¶ 17 and

17  12.)

18       2.    The putative class members seek to recover post-arbitration interest

19  allegedly owed under the so-called "Interest Statutes" of different states and

20  automobile insurance contracts with GEICO.[3] (Compl. ¶¶ 15-16, 18.) The

21  allegations are that class members arbitrated their Uninsured Motorist ("UM")/

22  Underinsured Motorist ("UIM") claims pursuant to the arbitration clauses in their

23

24  [1] There is a question if the alleged putative class covers 42 to 44 states and both Districts addressed in the Complaint. As Discovery gets underway, this question will be answered.

25  [2] Plaintiff excluded from the putative class individuals insured under GEICO's Delaware, Georgia, Maine, Nevada, Texas, Washington, and Wisconsin policies. (Compl. ¶ 12.)

26  [3] Plaintiff defines "Interest Statutes" as "California Civil Code § 3287, and the Class Members' state statutes providing for such interest [.]" (Compl. ¶ 16.) Though not clear

27  from the Complaint, it appears that Plaintiff refers to statutes authorizing prejudgment interest, and assumes that, just like California, other states interpreted their prejudgment

28  interest statutes as mandating post-arbitration interest. (*See* Compl. ¶ 32.)

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

2                        Case No. TBD

1   automobile insurance contracts with GEICO and prevailed in the arbitration.

2   (Compl. ¶ 18.)  The class members allegedly received the award payment from

3   GEICO "about one month or more" after the award issued, (Compl. ¶ 14), and the

4   payment did not include post-arbitration interest.  (Compl. ¶ 11(d).)  Plaintiff

5   alleges that failure to pay post-arbitration interest violates the "Interest Statutes" in

6   forty-three (43) different states and breaches the automobile insurance contracts

7   entered into in forty-three (43) states.  (Compl. ¶¶ 15-16, 18.)

8        3.     Based on the alleged violation of the forty-three (43) different states'

9   "Interest Statutes" and automobile insurance contracts, Plaintiff pleads the

10   following claims on behalf of the 43 state-wide class:  Count One (Breach of

11   Contract), Count Two (Violation of Interest Statute), Count Five (Unjust

12   Enrichment), and Count Six (Breach of Fiduciary Duty).[4]

13        4.     Of particular significance, Plaintiff does not base the putative class'

14   claims to post-arbitration interest on the arbitration award itself.  To the contrary,

15   Plaintiff's arbitration award attached to the Complaint does not provide for post-

16   arbitration interest. (*See* Compl. at Ex. 4.)  Nor does Plaintiff base the claims to

17   post-arbitration interest on a contractual term in the class members' automobile

18   insurance contracts.  To the contrary, Plaintiff's automobile insurance contract (the

19   "California Policy"), does not provide for post-arbitration interest.  (*See* Compl. at

20   Ex. 1.)

21        5.     Rather, Plaintiff alleges entitlement to post-arbitration interest

22   pursuant to so-called "Interest Statutes" in each of the 43 Class Member's states.

23   (Compl. ¶¶ 15, 16, 32.)  To explain, Plaintiff speculates that each of the Class

24   Member's states enacted a prejudgment interest statute similar to Cal. Civ. Code §

25   3287(a) and that, just as in California, the prejudgment interest statute in all of these

26

27   [4] In Count Three (Violations of the California Business and Professions Code § 17200)
    and Count Four (Breach of Contract), Plaintiff pleads claims on behalf of the California

28   Sub-Class only.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

3                                              Case No. TBD

1   jurisdictions was interpreted to entitle the prevailing party to post-arbitration

2   interest. (Compl. ¶¶ 16 and 32 (alleging that "each Class Member's State has

3   similar statute [to Cal. Civ. Code. 3287]" on "inform[ation] and belie[f]").) While

4   Plaintiff cites to various state statutes allowing prejudgment interest on liquidated

5   damages and cases allegedly requiring post-arbitration interest, it is unclear whether

6   all forty-three (43) jurisdictions interpreted their prejudgment interest statutes to

7   give entitlement to post-arbitration interest, as does California. (*See* Compl. ¶ 32.)

8   Nor is it clear that all forty-three (43) jurisdictions, in fact, enacted a prejudgment

9   interest statute. (*See* Compl. ¶ 32, 15:7-8, 16:7 (providing no citation for the

10   Alaska and Maryland prejudgment interest statutes).)

11       6.       Other than the allegedly belated payment of the award without post-

12   arbitration interest, the Class Members from the forty-three (43) different states

13   have nothing in common, and lack any connection to California.

14                           **DIVERSITY OF CITIZENSHIP**

15       7.       The GEICO defendants, at the time of the filing of this action, were,

16   and still are Maryland corporations whose primary offices are located in the state of

17   Maryland.

18       8.       The citizenship of parties sued under fictitious names ("Does 1

19   through 10") is disregarded for purposes of removing on the basis of diversity

20   jurisdiction. 28 U.S.C. § 1441(a); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971

21   (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal

22   purposes[.]") (citing 28 U.S.C. §§ 1441(a), 1447(e)). "'John Doe' defendants are

23   not permitted in federal diversity suits." *Howell by Goerdt v. Tribune Entm't Co.*,

24   106 F.3d 215, 218 (7th Cir. 1997) (citing, *inter alia*, 14 Charles Alan Wright,

25   Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3642, pp.

26   144–46 (2d ed. 1985)).

27       9.       Plaintiffs allege there are more than 200 individuals from forty-three

28   (43) states. (Compl. ¶¶ 17 and 12.)

Snell & Wilmer
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

10. But the alleged Plaintiffs who are citizens of Maryland (the "Maryland Class Members") are fraudulently joined. Their citizenship should, therefore, be disregarded for purposes of determining the propriety of removal.

11. All Plaintiffs are thus diverse from Defendants.

**Fraudulently Joined Plaintiffs – Maryland Class Members**

12. The alleged Maryland Class Members are not proper parties to this case, and their Maryland citizenship should, therefore, be disregarded for purposes of removal. 28 U.S.C. § 1441(b) (diversity jurisdiction is proper "if none of the parties in interest <u>properly joined</u> and served as Defendants is a citizen of the State in which such action is brought") (emphasis added).

13. It is axiomatic that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a [nondiverse plaintiff] having no real connection with the controversy." *Wilson v. Rep. Iron & Steel Co.*, 257 U.S. 92, 97 (1921). A plaintiff is fraudulently joined and its presence in the lawsuit is ignored for purposes of assessing diversity where plaintiff cannot state a viable cause of action against defendants. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against ... defendant, and the failure is obvious according to the settled rules of the state, the joinder [of plaintiff] is fraudulent."). "There is no cause of action stated when the relevant claim is patently spurious, or when there is no reasonable basis for imposing liability on the resident defendant." *TPS Utilicom Servs., Inc. v. AT & T Corp.*, 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002); *see also Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("The defendant need not show that the joinder of the non-diverse party was for the purpose of preventing removal. Instead, the defendant must demonstrate that there is no possibility that the [nondiverse] plaintiff will be able to establish a cause of action in State court against ... defendant.").

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

17760714

14.     The Maryland Class Members are fraudulently joined, because they cannot state a cause of action against GEICO under Maryland law.  As explained below, the Maryland Class Members have no right – statutory, common law or contractual – to post-arbitration interest where – as here – the award does not grant post-arbitration interest.

## No Maryland Statutory Basis for Post-Arbitration Interest

15.     Contrary to Plaintiff's speculation, (Compl. ¶¶ 32 and 16), there is no statute in Maryland entitling the prevailing party to recover post-arbitration interest under the allegations here – where the award itself does not provide for post-arbitration interest. (*See* Compl. at Ex. 4.)  In Maryland, arbitration is governed by Maryland's Uniform Arbitration Act, Md. Code Ann., Cts. & Jud. Proc. §§ 3-201, *et seq.* and Maryland's common law.  Nothing in Maryland's Uniform Arbitration Act authorizes, much less requires, that post-arbitration interest be awarded. Rather, the determination of whether to award post-arbitration interest is the arbitrators' prerogative. *See, e.g., Maryland Port Admin. v. C. J. Langenfelder & Son, Inc.*, 50 Md. App. 525, 545-46, 438 A.2d 1374, 1385-86 (1982) ("an arbitration panel … may, without specific statutory or contractual authority, award post-decision interest"); *C. W. Jackson & Associates, Inc. v. Brooks*, 289 Md. 658, 668-69, 426 A.2d 378, 383 (1981) (holding plaintiff is not entitled to post-arbitration interest on the award because the award granted interest only upon occurrence of a particular event that did not occur).

16.     Because there is no Maryland statute entitling a prevailing party to post-arbitration interest, Plaintiff instead cites to a case, *Buxton v. Buxton*, 363 Md. 634 (2001). (*See* Compl. ¶ 32, 16:7.)  But *Buxton* has nothing to do with post-arbitration interest.  In its most pertinent part, *Buxton* discusses availability of prejudgment interest under Maryland common law.  *Buxton* says nothing about post-arbitration interest.  Moreover, no published Maryland decision has construed

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    *Buxton* as entitling the prevailing party to post-arbitration interest, much less where

2    – as here – the award does not provide for it.

3        17.    That prejudgment interest and post-arbitration interest are different

4    concepts requires no explanation. But to be sure, Plaintiff's Complaint recognizes

5    this difference as well. Specifically, Plaintiff does not seek post-arbitration interest

6    as a prejudgment interest. Rather, Plaintiff seeks post-arbitration interest and

7    prejudgment interest as separate forms of relief. (*See* Compl. at Prayer for Relief

8    (requesting "post-Arbitration interest on each Class Members' ... arbitration

9    award" <u>and</u> for "pre-judgment interest to the extent permitted by law").)

10       18.    Likewise, the two statutes (Md. Courts & Jud. Proc. Code Ann. § 5-

11    101, *et seq.* and Md. Code Ann., Title 12, Com. Law § 12-102) Plaintiff cites in

12    support for inclusion of the Maryland Class Members have nothing to do with post-

13    arbitration interest. (*See* Compl. ¶ 32, 23:2-5.) Section 5-101 deals with the statute

14    of limitations when litigants are <u>incompetent</u>. Section 12-102 is a usury statute.

15    For obvious reasons, these statutes are wholly irrelevant.

16                  **No Common Law Basis for Post-Arbitration Interest**

17       19.    In the section "Case-Law Requiring Post-Arbitration Interest,"

18    Plaintiff has not identified a <u>single</u> case from Maryland. (*See* Compl. ¶ 32, 18:16-

19    28 – 21:1.) Nor has undersigned counsel found a Maryland case stating that post-

20    arbitration interest must be awarded as of right. To the contrary, under Maryland

21    common law, determination of whether to award, or not to award, post-arbitration

22    interest is the prerogative of the individual arbitrator. *See Maryland Port Admin.*,

23    50 Md. App. at 546 & n.15, 438 A.2d at 1385-86 & n.15 (arbitrators have "implied

24    authority ... to provide for interest on monetary awards"); *Brooks*, 289 Md. at 668-

25    69, 426 A.2d at 383 ("Jackson seeks not only the full $16,000, but interest ... from

26    the date of the award .... However, the award only specified that he was to have

27    interest from the date of the award ... in [a particular] event .... That situation did

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

7

1    not arise. [For this reason,] Jackson is entitled [instead] to a judgment … with

2    interest from … the date of the [judicial] decree[.]").

3        20.    Where the award does not grant post-arbitration interest, which is the

4    case here, Maryland courts generally will not review the award. *See, e.g., Int'l*

5    *Ass'n of Firefighters, Local 1619 v. Prince Georges's County*, 74 Md. App. 438,

6    444, 538 A.2d 329 (1988). "If the award is within the submission, and contains the

7    honest decision of the arbitrators, after a full and fair hearing of the parties, a court

8    of equity will not set it aside for error, either in law or fact." *Baltimore Cnty. v.*

9    *Mayor & City Council of Baltimore*, 329 Md. 692, 701, 621 A.2d 864, 868 (1993)

10   (citation omitted). In other words, Maryland courts "generally defer[] to the

11   arbitrator's findings of fact and applications of law." *Id.* (citations omitted).

## No Contractual Basis for Post-Arbitration Interest

13       21.    Nor is there a contractual basis for the Maryland Class Members to

14   recover post-arbitration interest.

15       22.    The pertinent contract for the Maryland putative class members is

16   GEICO's Maryland Family Automobile Insurance Policy (the "Maryland Policy").

17   Importantly, the 'Maryland Policy' is silent on any post-arbitration interest. *See*

18   *generally* Maryland Policy at **Exhibit 2**.[5] Yet, in Maryland, "arbitrator … derives

19   his or her power from the arbitration agreement itself." *Greene*, 148 Md. App. at

20   112, 811 A.2d at 343 (citation omitted). In at least one published case, the

21   Maryland Supreme Court reversed the arbitrator's award of remedy that was not

22   provided for in the arbitrating parties' contract. *See id.* at 120, 811 A.2d at 348

23   (reversing arbitrator's award of remedy not provided for in arbitration contract).

24   Because the Maryland Policy is silent on post-arbitration interest, the Maryland

25   Class Members have no contractual basis in the Policy for post-arbitration interest.

26   _____

27   [5] The Court may consider the Maryland Policy in support of removal, because "[t]he
     defendant seeking removal is entitled to present facts showing that the joinder is

28   fraudulent." *Good*, 5 F. Supp. 2d at 807.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

23.     Moreover, unlike the California Policy [relevant to the California putative class members' rights], the Maryland Policy **does not require** arbitration, leaving it up to the parties to decide whether to arbitrate, and on which terms. (*Compare* Compl. at Ex. 1 *with* Exhibit 2 hereto.)  Moreover, Maryland prohibits mandatory arbitration clauses in consumer insurance contracts, and the Maryland Policy is a consumer insurance contract. *See* Md. Code Ann., Cts. & Jud. Proc. § 3-206.1(b)(1) (with an inapplicable exception, "any provision in an insurance contract with a consumer that requires arbitration is void and unenforceable") (emphasis added).  While the Maryland Policy permits the parties to arbitrate (should both the insured and the insurer agree to arbitrate), it contains no rules governing arbitration. (*See* Exhibit 2 at p. 13.)  That is wholly unlike the California Policy, which, among many other requirements, states expressly that the dispute "be settled according to American Arbitration Association rules." (Compl. at Ex. 1, at p. 17 and Compl. ¶ 27.)  Because the Maryland Policy leaves the arbitration terms entirely up to the insurer and the insured, the Maryland Policy provides no basis for the insured (the putative Maryland class members) to claim <u>entitlement</u> to post-arbitration interest.

### Removal is Particularly Appropriate Here

24.     Plaintiff files this multi-state class action in state Court.  On its face, the Complaint will require the California Court to interpret 1 to 43 other states' statutes, case law, auto insurance policies, and Department of Insurance regulations to determine if there is a breach of the insurance contract [Count 1].  In addition, the California state Court is asked to decide if the putative class members in these multi-jurisdictions have been victims and GEICO "unjustly enriched" [Count 5] and order monetary damages, as well as, determine the fiduciary duty law in the multi-jurisdictions [Count 6].

25.     GEICO is not a California corporation.  And the vast majority of the putative class members (42 of the 43 state putative class) have no connection to California.  Unless this case is removed, the California state court will be tasked

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

9

1  with interpretation of statutes, case law, arbitration awards, and insurance contracts

2  from 42 foreign states.

3      26.    Diversity jurisdiction statutes were adopted to avoid precisely this

4  situation. As Chief Justice Marshall famously wrote in support for diversity

5  jurisdiction two centuries ago,

6          However, true the fact may be, that the tribunals of the

7          states will administer justice as impartially as those of the

8          nation, to parties of every description, it is not less true

9          that the constitution itself either entertains apprehensions

10          on this subject, or views with such indulgence the

11          possible fears and apprehensions of suitors, that it has

12          established national tribunals for the decision of

13          controversies between aliens and a citizen, or between

14          citizens of different states. … Substantially and

15          essentially, the parties in such a case, where the members

16          of the corporation are aliens, or citizens of a different

17          state from the opposite party, come within the spirit and

18          terms of the jurisdiction conferred by the constitution of

19          the national tribunals.

20  *Bank of U.S. v. Deveaux*, 9 U.S. 61, 87-88, 3 L. Ed. 38 (1809) (emphasis added).

21      27.    "The removal process was created by Congress to protect defendants.

22  Congress 'did not extend such protection with one hand, and with the other give

23  plaintiffs a bag of tricks to overcome it.'" *Legg v. Wyeth*, 428 F.3d 1317, 1325

24  (11th Cir. 2005) (quoting *McKinney v. Bd. of Trustees of Mayland Cmty. Coll.*, 955

25  F.2d 924, 928 (4th Cir. 1992)). Forcing GEICO to defend claims that implicate

26  laws of some forty-two (42) to forty-four (44) other states and Districts of

27  Columbia and Puerto Rico [*see supra* footnote 1] states which vary from California

28  laws, in a California state court, is to allow Plaintiff just such a trick.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

10

Case No. TBD

17760714

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

## AMOUNT IN CONTROVERSY

28.     The amount in controversy, exclusive of interests and costs, exceeds $75,000.  Although the Complaint does not monetize the compensatory damages, it is facially apparent from the Complaint that the amount-in-controversy between Plaintiff and GEICO defendants exceeds $75,000, exclusive of interest and costs.

29.     Specifically, the Complaint seeks post-arbitration interest, disgorgement of profits, restitution and/or forfeiture "in an amount subject to proof," pre-judgment interest, post-judgment interest, and attorneys' fees and costs [for putative class members from 43 states]. (*See* Compl. at Prayer for Relief.)  In addition, the Complaint seeks a declaration that each of GEICO defendants' "acts and practices as challenged herein" are "unlawful and unfair." (*See* Compl. at Prayer for Relief.)  Where equitable relief is sought, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *see also  In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) ("the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce.").  "If a defendant's cost of complying with an injunction would exceed the jurisdictional floor, that compliance cost represents the amount in controversy for jurisdiction purposes." *Otay Hydraulics, Inc. v. Safety-Kleen Sys., Inc.*, 2:12-CV-07357-ODW, 2013 WL 1898573, at * 2 (C.D. Cal. May 6, 2013 (citations omitted).  Requiring the GEICO defendants to change its corporate practice in forty-three (43) states so that the awards are paid within a particular period of time, and are paid with post-arbitration interest, will easily surpass $75,000.

30.     Thus, in combination, the damages sought for the 43 state putative class, and the cost of compliance for the GEICO defendants, exceeds $75,000.

17760714

## REMOVAL IS PROCEDURALLY PROPER

31.     The GEICO defendants were served with a copy of the Summons and Complaint on July 18, 2013. This Notice of Removal is therefore timely filed within thirty (30) days after the GEICO defendants received with the Summons and the Complaint, and within one year of the commencement of the action.

32.     Under 28 U.S.C. § 1441, this Court is the appropriate forum in which to file this Notice of Removal because the United States District Court for the Central District of California because it is the federal judicial district encompassing the Superior Court of the State of California, Los Angeles County, Central District.

33.     Jurisdiction pursuant to 28 U.S.C. § 1332 requires consent of all Defendants. The unidentified defendants Does 1 through 10 are not required to consent to the removal.

34.     The GEICO defendants are providing Plaintiff with a written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

35.     Pursuant to 28 U.S.C. § 1446(d), the GEICO defendants are filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, Los Angeles County, Central District.

WHEREFORE, the GEICO defendants respectfully request that this Notice of Removal be filed, that this lawsuit be removed to and proceed in this Court, and no further proceedings be had in the Superior Court of the State of California, Los Angeles County, Central District.

Dated: August 14, 2013

SNELL & WILMER L.L.P.

By: _____
Robert J. Gibson
Alina Mooradian
Attorneys for Defendants
GEICO Indemnity Company;
Government Employees Insurance Company;
GEICO General Insurance Company;
GEICO Casualty Company

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

12

Case No. TBD

17760714

# EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

7/18/13
2:56 PM

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 01 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GEICO INDEMNITY COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY,
GEICO GENERAL INSURANCE COMPANY, GEICO CASUALTY COMPANY,
business entities, form unknown, and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHRISTOPHER SUTTON, on behalf of himself, all others similarly
situated, and the general public

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

**CASE NUMBER:** *(Número del Caso):*
BC513912

The name and address of the court is:
*(El nombre y dirección de la corte es):*
LOS ANGELES SUPERIOR COURT – CENTRAL DISTRICT
111 N. Hill Street
Los Angeles, CA 90010

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steve A. Hoffman, Esq.        LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Blvd., Suite 410      (323) 997-1188
Los Angeles, CA 90010

DATE:                   John A. Clarke, by        Amber Hayes        , Deputy
*(Fecha)*                      *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

JUL 01 2013

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Geico Casualty Company
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS™

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUTTON

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

**LAW OFFICES OF STEVE A. HOFFMAN**
Steve A. Hoffman, Esq. (State Bar No. 136959)
4929 Wilshire Blvd., Suite 410
Los Angeles, CA 90010
Tel    (323) 937-1537
Fax    (323) 937-1539
Email: hoffpi@sbcglobal.net

Attorneys for Plaintiffs CHRISTOPHER SUTTON,
the Class Members and the California Sub-Class Members

JUL 0 1 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

**LAW OFFICES OF STEVE A. HOFFMAN**
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

CHRISTOPHER SUTTON, on behalf of himself, all others similarly situated, and the general public,

　　　　　Plaintiff,

vs.

GEICO INDEMNITY COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO GENERAL INSURANCE COMPANY, GEICO CASUALTY COMPANY, business entities, form unknown, and DOES 1 through 10, inclusive,

　　　　　Defendants.

CASE NO:　　B C 5 1 3 9 1 2

**CLASS ACTION COMPLAINT FOR DAMAGES FOR:**

1. **BREACH OF INSURANCE CONTRACT** (Class Members);

2. **VIOLATION OF INTEREST STATUTES;**

3. **VIOLATIONS OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE 17200;**

4. **BREACH OF CONTRACT** (California Sub-Class Members);

5. **UNJUST ENRICHMENT; and**

6. **BREACH OF FIDUCIARY DUTY.**

*JURY TRIAL DEMANDED*

-1-

CLASS COMPLAINT FOR INTEREST ON UM/UIM ARBITRATION AWARDS

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

Plaintiff CHRISTOPHER SUTTON, on his own behalf and on behalf of all others similarly situated, complains and alleges as follows:

## GENERAL NATURE OF THE ACTION

1.  As more specifically alleged below, Plaintiff brings this action on behalf of all persons who had a UM/UIM arbitration resulting in a monetary award for which Defendants withheld payment and for which no post-arbitration interest was paid, for joint and several liability against the following companies: GEICO INDEMNITY COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO GENERAL INSURANCE COMPANY, GEICO CASUALTY COMPANY, business entities, form unknown, and DOES 1 through 10, inclusive (collectively, "DEFENDANTS").

2.  Plaintiff claims that: (1) DEFENDANTS breached the insurance contract and violated the Interest Statutes, below, by wrongly withholding payment of DEFENDANTS' adverse first-party UM/UIM arbitration awards to Plaintiff -- DEFENDANTS withheld this Plaintiff's payment for forty-five (45) days -- and are believed to have done the same to the numerous other plaintiffs in the class and sub-class alleged in this lawsuit, and DEFENDANTS also failed and refused to pay any post-arbitration interest for the time that DEFENDANTS withheld payment on each such adverse UM/UIM arbitration award, or to pay any continuing interest on the unpaid post-judgment interest amount on said adverse UM/UIM arbitration awards; (2)  DEFENDANTS have violated California's Unfair Competition Law; (3) DEFENDANTS are being unjustly enriched by illegally withholding each such first-party insured's money, free of interest; (4) As insurers, DEFENDANTS conduct in withholding payment and post-arbitration interest constitutes a breach of the fiduciary duty owed to DEFENDANTS' insured; and (5)  DEFENDANTS

-2-

CLASS COMPLAINT FOR INTEREST ON UM/UIM ARBITRATION AWARDS

1   have committed the foregoing unfair business practices in an effort to increase profits and

2   to gain an unfair business advantage at the expense of the class and the public.

3   ## PARTIES

4   3.   CHRISTOPHER SUTTON is a competent adult residing in the County of Los Angeles,

5        State of California.

6

7   4.   Plaintiff is informed and believes and thereon alleges that DEFENDANTS are

8        corporations, authorized to do and doing business in the consumer automobile insurance

9        business throughout every State in the United States, that DEFENDANTS insure over 18

10       million vehicles throughout the United States, and have regional offices in California,

11       Arizona, New York, Texas, Florida, Georgia and Virginia.

12

13  5.   Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-

14       10, inclusive, sues such defendants by such fictitious names. Plaintiff will amend this

15       complaint to allege their true names and capacities when ascertained.  Plaintiff is informed

16       and believes that each of these fictitiously named defendants is responsible in some

17       manner for the occurrences, and that such aforementioned DEFENDANTS' acts and

18       omissions proximately caused the Plaintiff's injuries as alleged herein.

19

20  6.   Plaintiff is informed and believes that at all times mentioned herein, that each of the

21       DEFENDANTS and Doe Defendants were the agents, employees and servants of

22       DEFENDANTS, and each of them, and committed the occurrences, acts and omissions

23       complained of herein while acting within the scope of such agency, employment and

24       servitude, and are responsible for the occurrences, acts and omissions of each of the

25

26       DEFENDANTS complained of herein.

27

28

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

-3-

CLASS COMPLAINT FOR INTEREST ON UM/UIM ARBITRATION AWARDS

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

## JURISDICTION AND VENUE

7. At all times mentioned in this Complaint, Plaintiff was a resident of the State of California, County of Los Angeles.

8. Venue is predicated on the fact that DEFENDANTS transact substantial consumer automobile insurance business in California, derive substantial revenue from their activities in California and the fact that a substantial portion of the wrong complained of in this lawsuit, i.e., withholding/delaying payment of UIM/UM arbitration awards and not paying post-judgment interest on same, occurred in California in this venue and jurisdiction. DEFENDANTS also have regional offices in California.

9. This action is properly filed in the Central District because the breach and withholding of payment of the arbitration award and non-payment of post-arbitration interest thereon, occurred here and because Defendants have substantial businesses operations here.

## THE GEICO INSURANCE POLICY

10. Since at least 2009, Plaintiff was insured under an automobile insurance policy with DEFENDANTS, a true and correct copy of which is believed to be attached hereto as **Exhibit "1"** and incorporated by reference. The **Exhibit "1"** policy provided for Uninsured Motorist ("UM") and Underinsured Motorist ("UIM") coverage.

11. **DEFENDANTS HAVE JOINT AND SEVERAL LIABILITY TO PLAINTIFF:**

In addition to the allegations at paragraph 6, above, each of the DEFENDANTS have joint and several liability to Plaintiff, as follows:

    (a)    **The Exhibit "1" policy names all DEFENDANTS.** The top of page 3 of 20 of such policy begins with the statement:

         "We, the Company named in the Declarations attached to this policy, agree with you ... "

-4-

CLASS COMPLAINT FOR INTEREST ON UM/UIM ARBITRATION AWARDS

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

One of the declarations attached to the policy is the GEICO PRIVACY NOTICE, which names all the DEFENDANTS as part of the **Exhibit "1"** policy.

(b) <u>The DEFENDANTS held themselves out to the public, including Plaintiff and the Class, as being a single GEICO group/family.</u> The **Exhibit "1"** contract directed Plaintiff to DEFENDANTS' official website, GEICO.COM. Consistent with GEICO's PRIVACY NOTICE to the **Exhibit "1"** policy, which named all the DEFENDANTS as part of such policy, all the DEFENDANTS in DEFENDANTS' official GEICO.COM website and advertisements, e.g., **Exhibit "2"**, held themselves out to the public, including Plaintiff and all classes of plaintiffs alleged in this lawsuit, as being a single GEICO group/family. Plaintiff relied upon DEFENDANTS' representations that DEFENDANTS were a single GEICO group/family when he bought the **Exhibit "1"** policy, and expected that all DEFENDANTS would be responsible under such policy.

(c) <u>Each of the DEFENDANTS' letters to Plaintiff's attorney in this matter indicated that it was sent on behalf of all the DEFENDANTS.</u> Collectively attached hereto as **Exhibit "3"** are the DEFENDANTS' letters and HIPAA Authorization sent to Plaintiff's attorney in this matter, each indicating each letter was sent on behalf of all the DEFENDANTS. DEFENDANTS' letters in this matter are consistent with GEICO's PRIVACY NOTICE to the **Exhibit "1"**

-5-

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

1    policy, which likewise named all the DEFENDANTS as part of such

2    policy.

3   (d)  **The DEFENDANTS' payment of Plaintiff's costs for the**

4    **UM/UIM Arbitration listed all the DEFENDANTS**. This lawsuit

5    is limited to the DEFENDANTS withholding payment of UM/UIM

6

7    Arbitration awards and not paying post-Arbitration interest thereon.

8    Attached hereto as **Exhibit "4"** is the July 2, 2012 Arbitration

9    Award. Attached hereto as **Exhibit "5"** in this matter are letters

10    confirming that DEFENDANTS withheld for forty-five (45) days,

11    i.e., until August 16, 2012, payment of the July 2, 2012 Arbitration

12

13    award. Attached as **Exhibit "6"** is a true and correct copy of a check

14    payable to Plaintiff and his counsel in this matter – for a portion of

15    Plaintiff's arbitration costs – listing the names of all the

16    DEFENDANTS. This lawsuit does not seek interest on arbitration

17

18    costs not stated in each of the UM/UIM arbitration awards.

19    DEFENDANTS' **Exhibit "6"** check in this matter also evidences that

20    all DEFENDANTS share that one bank account and use such bank

21    account to belatedly pay their insured for costs awarded in UM/UIM

22    arbitration awards against any of the DEFENDANTS.

23

24              **CLASS ACTION ALLEGATIONS**

25  12. **THE CLASS**: Plaintiff brings this action on behalf of himself individually and as a

26    member of and representative for the following Class: All persons who, at any time during

27    the limitations period of each claimant's beneficiary State, including the District of

28

CLASS COMPLAINT FOR INTEREST ON UM/UIM ARBITRATION AWARDS

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

Colombia, as set forth in paragraph **32**, below, and continuing, were covered/insured/a beneficiary under any of the DEFENDANTS' automobile policies of insurance, **except for** those insured under DEFENDANTS' (1) Delaware, (2) Georgia, (3) Maine, (4) Nevada, (5) Texas, (6) Washington, or (7) Wisconsin policies of insurance, and who arbitrated a claim against any of the DEFENDANTS under the Uninsured and/or Underinsured Motorist Coverage of any such policies of automobile insurance, were awarded monetary damages against any of the DEFENDANTS by the arbitrator, and did not receive payment of such arbitration award on the day it was signed and were not paid all or some of the post-arbitration interest on such arbitration awards, from the date the damages were awarded by the arbitrator, until the date of each insured's receipt of DEFENDANTS' payment on each such arbitration award, and/or were also not paid interest on said unpaid post-arbitration interest amount regarding such delayed/belatedly paid arbitration award or interest on such post-Arbitration interest.  (Hereinafter, the "Class Members.")

13. **Common questions predominate.** This case involves the identical wrong and common issues of law and fact to the class such that judicial determination of these common legal and factual issues in a class setting would be more efficient and economical than on a piecemeal, individual basis.  These common questions include:

   a. Whether DEFENDANTS owe each Class Member post-Arbitration interest for having withheld payment to the insured, from the date of the UM/UIM arbitration award, and also owe each Class Member continuing interest on the unpaid interest amount on each such arbitration award.

-7-

b.  Whether DEFENDANTS' conduct in withholding payment to the insured, for the UM/UIM arbitration award, without payment of post-Arbitration interest thereon, is a breach of fiduciary duty and/or unlawful, unfair of fraudulent conduct.

c.  Whether, as a result of DEFENDANTS' being unjustly enriched, Plaintiff and the Class are entitled to disgorgement/forfeiture of DEFENDANTS' ill gotten gains in the form of post-Arbitration interest for the time that DEFENDANTS withheld/waited to pay each UM/UIM arbitration award, plus continuing interest on the unpaid interest amount on each such arbitration award.

14.  A systematic and continuous course of illegal practices was applied to all of the Class Members alike, to wit: (1) Based on CHRISTOPHER SUTTON's experience, DEFENDANTS are believed to withhold payment to the insured, for about one month or more from the date of the UM/UIM arbitration award, while failing and refusing to pay DEFENDANTS' first-party insured any post-Arbitration interest for the time that DEFENDANTS withheld payment of each such arbitration award, or to pay any continuing interest on same. (2) DEFENDANTS are being unjustly enriched by illegally withholding each such first-party insured's money, interest free; and (3) DEFENDANTS have committed the foregoing unfair business practices in an effort to increase profits and to gain an unfair business advantage at the expense of the Class and the public. These common questions of law and fact predominate over any question relating to an individual Class Member.  The foregoing acts/omissions and other acts/omissions by DEFENDANTS breached the insurance contract between DEFENDANTS, on the on hand, and Plaintiff and the Class Members, on the other hand.

15.  **Interest Statutes:**  California Civil Code § 3287(a), states:

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

-8-

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state.

16. Plaintiff is informed and believes and thereon alleges that, as stated in Paragraph 32, below, each Class Member's State has a similar statute providing for interest on damages that are certain or capable of being made certain by calculation, and post-arbitration interest. (California Civil Code § 3287, and the Class Members' state statutes providing for such interest, are collectively referred to herein as the "**Interest Statutes**.")

17. **Numerosity.** Plaintiff is informed and believes that the total number of Class Members is over 200, geographically dispersed throughout the nation and California, making joinder of all Class Members impracticable and making treatment of all class members' claims collectively, rather than individually, to the benefit of the parties and the Court. The Class Members are easily identifiable through DEFENDANTS' records.

18. **Typicality.** Plaintiff's claim for breach of insurance contract and breach of Interest Statutes is typical of those of other Class Members whose UM/UIM payments were likewise withheld and were likewise denied post-arbitration interest on the withheld/delayed/belated payment of each such arbitration award. As shown in **Exhibit "4,"** on July 2, 2012, following a first-party UIM/UM arbitration award against DEFENDANTS, Plaintiff was awarded $28,733.00 in new money damages. Upon execution of the July 2, 2012 arbitration award, DEFENDANTS could no longer claim a

-9-

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

dispute as to the amount of UIM/UM benefits owed by DEFENDANTS to their insured. The amount owed by DEFENDANTS was expressly stated in the arbitration award, and was certain and liquidated. However, as shown in **Exhibit "5,"** DEFENDANTS withheld payment so that Plaintiff only received payment from DEFENDANTS forty-five (45) days after the July 2, 2012 Arbitration Award, i.e., on August 16, 2012. DEFENDANTS have failed and refused to pay any interest on said delayed/belatedly paid arbitration award, or to pay any continuing interest on the unpaid interest amount on each such arbitration award.

19. **Benefits of this Class Action for these Numerous Low-Dollar Claims.** A class action is superior to the individual claims being separately litigated. The Class Members have no plain, speedy or adequate remedy other than maintenance of this class action for the interest on the withheld payment for each UM/UIM arbitration award, because the amount of interest owed to each Class Member is relatively small, i.e., up to a few hundred dollars, thereby making it economically impractical for each person to pursue separate lawsuits. In fact, without maintenance of this class action, the claims alleged would, practically speaking, never be brought and DEFENDANTS would continue to be unjustly enriched by their unlawful behavior. The individual's court filing fees and cost of discovery would also likely exceed each individual's possible interest recovery. In addition, the prosecution of separate actions by individual class members, even if theoretically possible, would create a risk of inconsistent or varying adjudications with respect to individual class members in actions against DEFENDANTS and could establish incompatible standards for DEFENDANTS. Plaintiff is informed and believes and

thereon alleges that the total, combined damages amount of all the classes alleged in this lawsuit are less than $5 million.

20. **Adequacy**. Plaintiff is able to fairly and adequately protect the interests of the rest of the Class, because (1) his interests are aligned with those of the rest of the Class in that his claims are those of a typical Class Member, the Class as a whole shares many common questions of law and fact, and there is no evidence of any antagonism between him and the rest of the Class; and (2) Plaintiff's counsel is competent and experienced in litigating many types of insurance, breach of contract and interest claims, including this one.

21. No unusual problems in managing this class action are likely to be encountered.

22. CERTIFICATION OF SIMILAR CLASS AGAINST DIFFERENT INSURERS:

In Meaney v. OneBeacon Ins. Co., 2010 WL 1253600 (Mass., 2010), **a very similar class action for insured's post-UM/UIM-Arbitration-award interest was certified and upheld**, but such action was not brought against the instant DEFENDANTS. Plaintiff is unaware of any other active litigation asserting the claims of the precise classes/DEFENDANTS as defined herein and none where such classes have been certified.

23. Plaintiff will fairly and adequately act to protect the interests of the class members.

24. Class action treatment is the appropriate method for the fair and efficient adjudication of the controversy, in that, among other things, such treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of evidence, effort and expense that numerous individual lawsuits would engender. The benefits of proceeding with a class action, including providing persons for obtaining redress for their claims that would not be

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

-11-

practical to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

### FIRST CAUSE OF ACTION
#### Breach of Insurance Contract
**[By the Class Members against All Defendants]**

25. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 24, inclusive, as though set forth fully herein.

26. Since at least 2009, Plaintiff was insured under an automobile insurance policy with DEFENDANTS, a true and correct copy of which is believed to be attached hereto as **Exhibit "1"** and incorporated by reference. The **Exhibit "1"** policy provided for Uninsured Motorist and Underinsured Motorist coverage (hereinafter, "UM/UIM" coverage).

27. The **Exhibit "1"** policy provides, in part, as follows:

**LOSSES WE PAY**
Under this coverage, we will pay for **bodily injury** to an insured, caused by accident which the **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle**, **underinsured motor vehicle** or a **hit-and-run motor vehicle** arising out of the ownership, maintenance or use of that motor vehicle.

The amount of the **insured's** recovery for these damages will be determined by agreement between the **insured** or his representative and us. The dispute will be arbitrated if an agreement cannot be reached.

**DISPUTES BETWEEN US AND AN INSURED**
If any **insured** making a claim under this policy and we do not agree that he is legally entitled to recover damages under this Coverage from the owner or operator of the **uninsured or underinsured motor vehicle** because of the bodily injury to the insured, or we do not agree as to the amount payable, either party will have the right to demand arbitration.

The matter(s) in dispute shall then be settled according to American Arbitration Association rules. One neutral arbitrator will conduct the arbitration. Judgment on the arbitrator's award may be entered in a court

-12-

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

having jurisdiction. The award or judgment confirming the award shall not be conclusive on any party in any action between:

    (a) any **insured**, his insurer, his legal representative or his heirs, and

    (b) the uninsured/underinsured motorist, to recover damages arising out of the accident upon which the award is based. The parties may agree to be bound by the arbitrator's award.

28. <u>DEFENDANTS' BREACH: Withholding payment of the UM/UIM Arbitration award and withholding post-arbitration interest thereon.</u> Plaintiff and each Class Member have fully performed all of their obligations under DEFENDANTS' UM/UIM automobile insurance contract, except those obligations which have been excised by DEFENDANTS' breach. Plaintiff's claim for breach of insurance contract and breach of Interest Statutes is typical of those of other Class Members whose UM/UIM payments were likewise withheld and were likewise denied post-arbitration interest on the withheld/delayed/belated payment of each such arbitration award under DEFENDANTS' automobile insurance policy. As shown in **Exhibit "4,"** on July 2, 2012, following a first-party UIM/UM arbitration award against DEFENDANTS, Plaintiff was awarded $28,733.00 in new money damages. Upon execution of the July 2, 2012 arbitration award, DEFENDANTS could no longer claim a dispute as to the amount of UIM/UM benefits owed by DEFENDANTS to their insured. The amount owed by DEFENDANTS was expressly stated in the arbitration award, and was certain and liquidated. However, as shown in **Exhibit "5,"** DEFENDANTS breached the contract by withholding payment, so that Plaintiff only received payment from DEFENDANTS of the Arbitration Award, forty-five (45) days later, i.e., on August 16, 2012. DEFENDANTS have failed and refused to pay any interest on said delayed/belatedly paid arbitration award, or to pay any continuing interest on the unpaid interest amount on each such arbitration award.

-13-

<u>CLASS COMPLAINT FOR INTEREST ON UM/UIM ARBITRATION AWARDS</u>

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

29. As a result of DEFENDANTS' breach in withholding payment of each Class Members' arbitration award/established damages, and/or to pay interest thereon for the time that DEFENDANTS failed to pay/delayed paying each such Class Members' award/established damages, and/or the ongoing interest on said unpaid sum of interest, as required under the contract between the parties, the Class Members, including Plaintiff have suffered direct and consequential damages.

30. The Class Members, including Plaintiff, have been deprived of their rightful interest payments on such awards/established damages. The Class Members, including Plaintiff, are entitled to recover such interest payments, plus interest thereon, attorney's fees, and costs of suit.

## SECOND CAUSE OF ACTION
## <u>VIOLATION OF INTEREST STATUTES</u>
### [By the Class Members against All Defendants]

31.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 30, inclusive, as though set forth fully herein.

32. California Civil Code § 3287(a), states:

> <u>Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day,</u> except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state.

> See also, *Britz, Inc. v. Alfa-Laval Food & Dairy Co.* (1995) 34 Cal.App.4th 1085, 1106-1107 and Pierotti v. Torian, (2000) 81 Cal. App. 4th 17, 26, requiring post-arbitration interest on California arbitration awards.

## A. INTEREST STATUTES RE: LIQUIDATED SUMS.

Plaintiff is informed and believes and thereon alleges that each Class Member's State has similar Interest Statutes with case law annotations, providing for interest on damages that are liquidated, i.e., certain or capable of being made certain by calculation, as follows:

| | |
|---|---|
| Alabama: | Code of Alabama §8-8-8 and United States Fidelity & Guaranty Co. v. German Auto., Inc., 591 So. 2d 841, 1991 Ala. LEXIS 1146 (Ala. 1991) |
| Alaska: | K & K Recycling, Inc. v. Alaska Gold Co., 80 P.3d 702, 2003 Alas. Lexis 131 (Alaska 2003); and Rice v. Denley, 944 P.2d 497, 1997 Alas. Lexis 143 (Alaska 1997) |
| Arkansas: | Arkansas Const. art. 19, §13 and Wooten v. McClendon, *(1981) 272 Ark. 61, 612 S.W.2d 105; 1981 Ark. Lexis 1206* |
| Colorado: | Colorado Revised Statutes 5-12-102, Title 5 |
| Connecticut: | Conn. Gen. Stat. § 37-3a, Title 37; Hartford Steam Boiler Inspection & Ins. Co. v. Underwriters at Lloyd's & Cos. Collective, 121 Conn. App. 31, 994 A.2d 262, 2010 Conn. App. LEXIS 182 (Conn., 2010) |
| Dist. Of Colombia: | District of Colombia Code § 15-1.08; Celtech, Inc. v. Broumand, 584 A.2d 1257, fn. 7, 1991 D.C. App. Lexis 8 (D.C. 1991), citing Riggs National Bank v. Dist. Of Colombia, 581 A.2d 1229, 1253 (D.C. 1990) and Glus v. Brooklyn E. Dist. Terminal, 359 U.S. 231, 232-233 |
| Florida: | Fla. Stat. § 55.03; Lewis v. Haskell Co., 304 F. Supp. 2d 1347, 1350, 2004 U.S. Dist. Lexis 2369 (2004) |
| Hawaii: | Hawaii Revised Statutes §§ 478-2 and 658-8; Kalawaia v. AIG Haw. Ins. Co., 90 Haw. 167, 977 P.2d 175, 182, 1999 Haw. LEXIS 154 (Hawaii 1999); Morrison-Knudsen Co. v. Makahuena Corp., 66 Haw. 663, 675 P.2d 760, 1983 Haw. Lexis 162 (Hawaii, 1983) |
| Idaho: | Idaho Code § 28-22-104 and Child v. Blaser, 111 Idaho 702, 727 P.2d 893, 1986 Ida. App. Lexis 457 (Idaho Ct. App. 1986). |
| Illinois: | 815 Ill. Comp. Stat. 205/2 |
| Indiana: | Burns Ind. Code Ann. § 24-4.6-1-103 and Thor Elec., Inc. v. Oberle & Assocs., 741 N.E.2d 373, 2000 Ind. App. Lexis 2040 (Ind. Ct. App. 2000) |

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

-15-

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

| | | |
|---|---|---|
| 1 | Kansas: | Kansas Annotated Statutes § 16-201; Kalmar Indus. USA LLC v. Int'l Bhd. of Teamsters Local 838, 452 F. Supp. 2d 1154, 1167, 2006 U.S. Dist. Lexis 73494, 181 L.R.R.M. (BNA) 2535 (Kansas, 2006); Green Const. Co. v. Kansas Pwr. & Light Co., F.3d 1005 (Kansas, 1993) |
| 2 | | |
| 3 | Kentucky: | Kentucky Revised Statutes § 360.040; and GE v. Anson Stamping Co., 426 F. Supp. 2d 579, 2006 U.S. Dist. Lexis 14406 (W.D. Ky. 2006) |
| 4 | | |
| 5 | Louisiana: | La. Civ. Code Ann. Art. 2924; St. Tammy manor v. Spartan Bldg. Corp., 509 So.2d 424 (Louisiana, 1987) |
| 6 | | |
| 7 | Maryland: | Buxton v. Buxton, 363 Md. 634, 656 (2001). |
| 8 | Massachusetts: | **Meaney v. OneBeacon Ins. Co., 2010 WL 1253600 (Mass., 2010) -- very similar class action for insured's post-UM/UIM-Arbitration-award interest was certified and upheld**, but such action was not brought against the instant DEFENDANTS; and Murphy v. National Union Fire Ins., 438 Mass. 529 (Mass., 2003) |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | Michigan: | Michigan Compiled Laws §§ 438.7 and 600.6013; Moultrie v. Detroit Auto. Inter-Insurance Exchange, 123 Mich. App. 403, 333 N.W.2d 298, 1983 Mich. App. LEXIS 2670 (Michigan, 1983); Babayan v. Detroit Auto. Inter-Insurance Exchange, 121 Mich. App. 515, 328 N.W.2d 429, 1982 Mich. App. Lexis 3669 (Michigan, 1982); and Reinshuttle v. Aetna Life & Casualty Ins. Co., 72 Mich. App. 74, 248 N.W.2d 671, 1976 Mich. App. Lexis 1065 (Michigan, 1976) |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | Minnesota: | Minnesota Stat. § 549.09; Jensen v. Illinois Farmers Ins. Co., 404 N.W.2d 880, 881 (Minnesota, 1987) and Kennedy, Matthews, Landis, Healy & Pecora v. Young, 524 N.W.2d 752, 1994 Minn. App. Lexis 1233, 107:298 Fin. , &, C. 20 (Minn. Ct. App. 1994) |
| 18 | | |
| 19 | | |
| 20 | Mississippi: | Miss. Code Ann. § 75-17-1, and Gulf City Seafoods, Inc. v. Oriental Foods, Inc., 986 So. 2d 974, 2007 Miss. App. Lexis 771 (Miss. Ct. App. 2007) |
| 21 | | |
| 22 | Missouri: | Missouri Revised Statutes § 408.020; National Ave. Bldg. Co. v. Stewart, 972 S.W.2d 649, 1998 Mo. App. Lexis 1494 (Missouri, 1998) |
| 23 | | |
| 24 | Montana: | Montana Code Ann., § 27-1-211 |
| 25 | Nebraska: | Nebraska Revised Statutes § 45-103; J.C. Brager Co. v. Chesen, 999 F. Supp. 675, 1998 U.S. Dist. Lexis 3450 (Nebraska, 1998) |
| 26 | | |
| 27 | New Jersey: | N.J. Court Rules, R. 4:42-11 |
| 28 | | |

-16-

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

| | | |
|---|---|---|
| 1 | New Mexico: | N.M. Stat. Ann. § 56-8-3 and United Nuclear Corp. v. Allendale Mut. Ins. Co., 103 N.M. 480, 709 P.2d 649, 1985 N.M. Lexis 2033 (N.M. 1985) |
| 3 | New York: | NY CLS CPLR §§ 5001 and 5002; and Turnkey Proposals, Inc. v. Rose, 57 A.D.2d 949, 395 N.Y.S.2d 96, 1977 N.Y. App. Div. Lexis 12227 (N.Y. App. Div. 2d Dep't 1977) |
| 5 6 | North Carolina: | North Carolina General Statutes § 24-5 and Wilkes Computer Services, Inc. v. Aetna Casualty & Surety Co., 59 N.C. App. 26, 32, 295 S.E.2d 776, 1982 N.C. App. Lexis 2863 (1982) |
| 8 | North Dakota: | North Dakota Cent. Code § 32-03-04 |
| 9 10 | Ohio: | Ohio Revised Codes § 1343.03, citing Handel's Enters. v. Wood, 2005 Ohio 6922, 2005 Ohio App. Lexis 6232 (Ohio 2005) |
| 11 | Oklahoma: | 23 Oklahoma Statutes §23-6 |
| 12 13 14 | Oregon: | Oregon Revised Statutes § 82.010, citing Lundgren v. Freeman, 307 F.2d 104, 1962 U.S. App. Lexis 4673, 6 Fed. R. Serv. 2d (Callaghan) 945 (9th Cir. Or. 1962) and Watson v. Pacific Mut. Life Ins. Co., 144 Ore. 413, 21 P.2d 201, 1933 Ore. Lexis 56 (Ore. 1933) |
| 15 16 | Pennsylvania: | 42 Pennsylvania Consolidated Statutes § 8101; and InterDigital Commun. Corp. v. Fed. Ins. Co., 607 F. Supp. 2d 718, 2009 U.S. Dist. Lexis 33266 (E.D. Pa. 2009) |
| 17 18 19 | Rhode Island: | Rhode Island Gen. Laws § 9-21-10; and Ft. Hill Builders, Inc. v. National Grange Mut. Ins. Co., 866 F.2d 11, *1989 U.S. App. LEXIS 603; 13 Fed. R. Serv. 3d (Callaghan) 142* (1st Cir. R.I. 1989) |
| 20 21 | South Carolina: | South Carolina Code Ann. § 34-31-20; and Liberty Mut. Ins. Co. v. Employee Res. Mgmt., Inc., 176 F. Supp. 2d 510, 2001 U.S. Dist. Lexis 19679 (D.S.C. 2001) |
| 22 23 | South Dakota: | South Dakota Codified Laws § 21-1-11 |
| 24 25 26 | Tennessee: | Tenn. Code Ann. § 47-14-123; P. Mcgregor Enterprises, Inc. v. Denman Bldg. Products, 279 S.W. 3d 717 (Tenn. 2007); and International Flight Ctr. v. City of Murfreesboro, 45 S.W.3d 565, 2000 Tenn. App. Lexis 540 (Tenn., 2000) |
| 27 28 | Utah: | Utah Code Ann. § 15-1-1; and Jorgensen v. John Clay & Co., 660 P.2d 229, 1983 Utah Lexis 995 (Utah 1983) |

-17-

<u>CLASS COMPLAINT</u> FOR INTEREST ON UM/UIM ARBITRATION AWARDS

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

| | |
|---|---|
| Vermont: | Vermont Stat. Ann. Tit. 9 § 41a; and New Eng. P'ship v. Rutland City Sch. Dist., 173 Vt. 69, 786 A.2d 408, 2001 Vt. Lexis 273 (2001) |
| Virginia: | Va. Code Ann. § 6.1-330.54 and § 8.01-382 |
| West Virginia: | West Virginia Code § 56-6-31; and Hardman Trucking v. Poling Trucking Co., 176 W. Va. 575; 346 S.E.2d 551, 1986 W. Va. Lexis 497 (1986), citing Bond v. City of Huntington, 276 S.E.2d 539, 546-548 (West Virginia, 1981) |
| Wyoming: | Wyo. Stat. § 1-16-102; Pennant Service Co., Inc. v. True Oil Co., LLC, 2011 WY 40, 249 P.3d 698, 711 (Wyo., 2011); and Belle Fourche Pipeline Co. v. Elmore Livestock Co., 669 P.2d 505, 1983 Wyo. LEXIS 357 (Wyo. 1983) |

## B. CASE-LAW REQUIRING POST-ARBITRATION INTEREST.

In addition to the above States in the Class alleged in this lawsuit having statutes expressly providing for interest on sums that are certain or capable of being certain, most/all States also have cases expressly holding that arbitration awards require post-arbitration interest from the date of the arbitration award, until such award is paid, for example:

| | |
|---|---|
| Alabama: | Lewis v. Haskell Co., 304 F. Supp. 2d 1347, 1350, 2004 U.S. Dist. LEXIS 2369 (M.D. Ala. 2004) |
| California: | *Britz, Inc. v. Alfa-Laval Food & Dairy Co.* (1995) 34 Cal.App.4th 1085, 1106-1107 and Pierotti v. Torian, (2000) 81 Cal. App. 4th 17, 26. |
| Connecticut: | Hartford Steam Boiler Inspection & Ins. Co. v. Underwriters at Lloyd's & Cos. Collective, 121 Conn. App. 31, 994 A.2d 262, 2010 Conn. App. LEXIS 182 (Conn., 2010) |
| District of Colombia: | District of Colombia Code § 15-108; Celtech, Inc. v. Broumand, 584 A.2d 1257, fn. 7, 1991 D.C. App. Lexis 8 (D.C. 1991), citing Riggs National Bank v. Dist. Of Colombia, 581 A.2d 1229, 1253 (D.C. 1990) and Glus v. Brooklyn E. Dist. Terminal, 359 U.S. 231, 232-233 |
| District of Puerto Rico: | P.R. Tel. Co. v. United States Phone Mfg. Corp., 2004 U.S. Dist. LEXIS 28693 (D.P.R. Oct. 6, 2004) |

–18–

| | |
|---|---|
| Florida: | Lewis v. Haskell Co., 304 F. Supp. 2d 1347, 1350, 2004 U.S. Dist. Lexis 2369 (2004); Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH, 141 F.3d 1434, 1998 U.S. App. LEXIS 10401, 11 Fla. L. Weekly Fed. C 1432, 40 Fed. R. Serv. 3d (Callaghan) 1258 (11th Cir. Fla. 1998); McDaniel v. Berhalter, 405 So. 2d 1027, 1030 (Florida, 1981); Okun, et al. v. Litwin Securities, et al., 652 So.2d 387 (Florida, 1995) |
| Hawaii: | Kalawaia v. AIG Haw. Ins. Co., 90 Haw. 167, 977 P.2d 175, 182, 1999 Haw. LEXIS 154 (Hawaii, 1999) |
| Illinois: | Trustmark Ins. Co. v. Clarendon Nat'l Ins. Co., 2009 U.S. Dist. LEXIS 109414 (N.D. Ill. 2009) |
| Kansas: | Kalmar Indus. USA LLC v. Int'l Bhd. of Teamsters Local 838, 452 F. Supp. 2d 1154, 1167, 2006 U.S. Dist. LEXIS 73494, 181 L.R.R.M. (BNA) 2535 (Kansas, 2006) |
| Kentucky: | GE v. Anson Stamping Co., 426 F. Supp. 2d 579, 2006 U.S. Dist. LEXIS 14406 (W.D. Ky. 2006) |
| Louisiana: | St. Tammy manor v. Spartan Bldg. Corp., 509 So.2d 424 (Louisiana, 1987) |
| Massachusetts: | Murphy v. National Union Fire Ins., 438 Mass. 529 (2003); Meaney v. OneBeacon Ins. Co., 2010 WL 1253600 (2009) (Class action) |
| Michigan: | Moultrie v. Detroit Auto. Inter-Insurance Exchange, 123 Mich. App. 403, 333 N.W.2d 298, 1983 Mich. App. LEXIS 2670 (Michigan, 1983); Babayan v. Detroit Auto. Inter-Insurance Exchange, 121 Mich. App. 515, 328 N.W.2d 429, 1982 Mich. App. Lexis 3669 (Michigan, 1982); and Reinshuttle v. Aetna Life & Casualty Ins. Co., 72 Mich. App. 74, 248 N.W.2d 671, 1976 Mich. App. Lexis 1065 (Michigan, 1976); Marion Mfg. Co. v. Long, 588 F.2d 538, 541 (6th Cir. 1978). |
| Minnesota: | Liberty Mutual Insurance Company v. Sankey, 605 N.W.2d 411 (Minn., 2000); Minn. Stat. § 65B.54; and Jensen v. Illinois Farmers Ins. Co., 404 N.W.2d 880, 881 (Minnesota, 1987) |
| Missouri: | National Ave. Bldg. Co. v. Stewart, 972 S.W.2d 649, 1998 Mo. App. LEXIS 1494 (Missouri, 1998) |
| Nebraska: | J.C. Brager Co. v. Chesen, 999 F. Supp. 675, 1998 U.S. Dist. LEXIS 3450 (Nebraska, 1998) |

CLASS COMPLAINT FOR INTEREST ON UM/UIM ARBITRATION AWARDS

| | | |
|---|---|---|
| 1 | New Hampshire: | Hackman v. American Liab. Ins. Co., 110 N.H. 87, 261 A.2d 433, |
| 2 | | 438 (N.H., 1970), citing Pearson v. Wallace, 93 N.H. 381, 42 A. 2d |
| | | 738; Newmarket Electric Co. v. Chase, 79 N.H. 280, 108 A. 382; |
| 3 | | and Lundgren v. Freeman, 307 F. 2d 104 (9th Cir. 1962) |
| 4 | New Jersey: | Ukrainian Nat'l. Urban Renewal Corp., v. Joseph L. Muscarelle, |
| | | Inc., 151 N.J. Super. 386, 403, 376 A.2d 1299, 1307 (N.J., 1977); |
| 5 | | citing Reliable Water Co. v. Monroe Tp. Mun. Util., 146 N.J. |
| | | Super. 291, 293-294 (App. Div. 1977); Rova Farms Resort, Inc. v. |
| 6 | | Investors Ins. Co., 65 N.J. 474, 506 (1974); and Harsen v. Board of |
| 7 | | Education, 132 N.J. Super. 365, 385, 333 A.2d 580, 591 (N.J., |
| | | 1975) |
| 8 | | |
| 9 | New Mexico: | New Mexico, ex rel. Hooten Constr. Co. v. Borsberry Constr. Co., |
| | | 108 N.M. 192, 769 P.2d 726, 729-730 (New Mexico, 1989) |
| 10 | | |
| 11 | New York: | Commonwealth Assocs. v. Letsos, 40 F. Supp. 2d 170, fn. 42, |
| | | 1999 U.S. Dist. LEXIS 2867 (S.D.N.Y. 1999); and Moran v. |
| 12 | | Arcano, 1990 U.S. Dist. LEXIS 9349 (S.D.N.Y. July 27, 1990) |
| 13 | Ohio: | Plastech Engineered Products, Inc. v. Cooper Standard |
| | | Automotive, Inc., 3d Dist. No. 5-03-26 (2003 Ohio 6984); Erie |
| 14 | | Cty. Sheriff v. Fraternal Order of Police, 6th Dist. No. E-99-075, |
| 15 | | 2000 Ohio App. LEXIS 6050 (Ohio 2000); Board of Trustees of |
| | | Miami Twp. v. Fraternal Order of Police), 12th Dist. Nos. CA99- |
| 16 | | 03-028 and CA99-04-031, 2000 Ohio App. LEXIS 2049 (Ohio |
| | | 2000); Handel's Enters. v. Wood, 2005 Ohio 6922, 2005 Ohio |
| 17 | | App. LEXIS 6232 (Ohio 2005) |
| 18 | Oregon: | Lundgren v. Freeman, 307 F.2d 104, 1962 U.S. App. LEXIS 4673, |
| 19 | | 6 Fed. R. Serv. 2d (Callaghan) 945 (Oregon 1962) |
| 20 | Pennsylvania: | Sun Ship, Inc. v. Matson Navigation Co., 785 F.2d 59, 63, 1986 |
| 21 | | U.S. App. LEXIS 22713, 1987 A.M.C. 23 (3d Cir. Pa. 1986); |
| | | InterDigital Communs. Corp. v. Fed. Ins. Co., 607 F. Supp. 2d |
| 22 | | 718, 2009 U.S. Dist. LEXIS 33266 (E.D. Pa. 2009); Weldon & |
| | | Kelly Co. v. Pavia Co., 354 Pa. 75, 46 A.2d 466, 468 (Penn., 1946) |
| 23 | | |
| 24 | Rhode Island: | Ft. Hill Builders, Inc. v. National Grange Mut. Ins. Co., 866 F.2d |
| | | 11, 1989 U.S. App. LEXIS 603; 13 Fed. R. Serv. 3d (Callaghan) |
| 25 | | 142 (1st Cir. R.I. 1989) |
| 26 | Tennessee: | Tenn. Code Ann. §-47-14-123;  P. Mcgregor Enterprises, Inc. v. |
| 27 | | Denman Bldg. Products, 279 S.W. 3d 717 (Tenn. 2007) |
| 28 | | |

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

-20-

CLASS COMPLAINT FOR INTEREST ON UM/UIM ARBITRATION AWARDS

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

Vermont:    R.E. Bean Constr. Co. v. Middlebury, Assocs., 139 Vt. 200, 428 A.2d 306, 313-314 (Vermont, 1980).

C.  STATUTES OF LIMITATIONS AND INTEREST RATES FOR BREACH OF WRITTEN CONTRACT.

| State | Limitations Statute | Years Re: Written Contract | Interest Rate Statutes/cases | Legal Rate of Interest |
|---|---|---|---|---|
| Alabama | Ala. Code § 6-2-2, et seq. | 6 | Lee v. Burgess, 440 So.2d 321, 337-338 (Ala. 1983) | 6% |
| Alaska | Alaska Stat. § 09.10.010 et seq. | 3 | 09.30.070 | Fed 12th Dist. + 3% |
| Arizona | Ariz. Rev. Stat. Ann. § 12-541 et seq. | 6 | 28-7101 | 10% |
| Arkansas | Ark. Code Ann. § 16-56-101 et seq. | 5 | Art. 19, §13 of Ark. Const. (16-65-114) | 6% |
| California | Cal. Civ. Proc. Code § 312, et seq. | 4 | Const. Art. XV, §1 | 10% |
| Colorado | Colo. Rev. Stat. § 13-80-102 et seq. | 6 | 5-12-102[4] | 8% |
| Connecticut | Conn. Gen. Stat. Ann. § 52-575, et seq. | 6 | 37-1 | 10% |

-21-

CLASS COMPLAINT FOR INTEREST ON UM/UIM ARBITRATION AWARDS

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

| State | Statute | | Statute | Rate |
|---|---|---|---|---|
| District of Columbia | D.C. Code § 12-301 et seq. | 3 | §28-3302 | 6% |
| Florida | Fla. Stat. Ann. § 95.011 et seq. | 5 | §55.03[1] | 6% until 9/30/11, and thereafter 4.75% |
| Hawaii | Haw. Rev. Stat. § 657-1 et seq. | 6 | 478-3 | 10% |
| Idaho | Idaho Code § 5-201 et seq. | 5 | Idaho Code 28-22-104 | 12% |
| Illinois | 735 Ill. Comp. Stat. 5/13-201, et seq. | 10 | 815 Ill. Comp. Stat. 205/2 | 5% |
| Indiana | Ind. Code Ann. § 34-11-2-1, et seq. | 10 | Ind. Code § 24-4.6-1-103 | 8% |
| Iowa | Iowa Code Ann. § 614.1, et seq. | 10 | Iowa Code § 535.2 | 5% |
| Kansas | Kan. Stat. Ann. § 60-501, et seq. | 5 | Kan. Stat. Ann. § 16-201 | 10% |
| Kentucky | Ky. Rev. Stat. Ann. § 413.080, et seq. | 15 | 2003 Ky. Rev. Stat. & R. Serv. 360.010 | 8% |
| Louisiana | La. Civil Code § 3492, et | 10 | La.Civ. Code Ann. Art. 2924, | 3.25% above the discount rate |

-22-

<u>CLASS COMPLAINT</u> FOR INTEREST ON UM/UIM ARBITRATION AWARDS

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

| | | | | |
|---|---|---|---|---|
| | seq. | | et seq. | |
| Maryland | Md. Courts & Jud. Proc. Code Ann. § 5-101, et seq. | 3 | Md. Code Ann., Title 12, Com. Law § 12-102 commercial; Buxton v. Buxton, 363 Md. 634, 656 (2001). | 6% |
| Massachusetts | Mass. Ann. Laws ch. 260, § 1, et seq. | 6 | Mass. Gen. Laws Ch. 231, §6c | 12% |
| Michigan | Mich. Comp. Laws § 600.5801, et seq. | 6 | Marion Mfg. Co. v. Long, 588 F.2d 538, 541 (6th Cir. 1978). Mich. Comp. 600.6013 | 12% |
| Minnesota | Minn. Stat. Ann. § 541.01, et seq. | 6 | Minn. Stat. §334.01 | 6% |
| Mississippi | Miss. Code. Ann. § 15-1-1, et seq. | 6 | Miss. Code Ann. Ann. §75-17-1 | 8% |
| Missouri | Mo. Rev. Stat. § 516.097, et seq. | 5 | Mo. Rev. Stat. §408.040 | 9% |
| Montana | Mont. Code Ann. § 27-2-2021, et seq. | 8 | Mont. Code Ann. §31-1-106 | 10% |
| Nebraska | Neb. Rev. Stat. § 25-201, et seq. | 5 | Neb. Rev. Stat. §45-104 | 12% |

-23-

CLASS COMPLAINT FOR INTEREST ON UM/UIM ARBITRATION AWARDS

**LAW OFFICES OF STEVE A. HOFFMAN**
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

| | | | | |
|---|---|---|---|---|
| New Hampshire | N.H. Rev. Stat. Ann. § 508:1, et seq. | 3 | N.H. Rev. Stat. Ann. 336:1 | Interest rate determined by the state treasurer as the prevailing discount rate of interest on .26-week United States Treasury bills at the last auction thereof preceding the last day of September in each year, plus 2 percentage points, rounded to the nearest tenth of a percentage point. |
| New Jersey | N.J. Stat. Ann. § 2a:14-1, et seq. | 6 | Harson v. Bd. of Ed., 132 N.J. Super. 365, 385 | i6% |
| New Mexico | N.M. Stat. Ann. § 37-1-1, et seq. | 6 | N.M. Stat. Ann. § 56-8-4 | 8.75% |
| New York | N.Y. Civ. Prac. Laws & Rules § 201, et seq. | 6 | N.Y. C.P.L.R. § 5004 | 9% |
| North Carolina | N.C. Gen. Stat. §1-46, et seq. | 3 | N.C. Gen. Stat. §24.5 | 8% |
| North Dakota | N.D. Cent. Code § 28-01-01, et seq. | 6 | N.D. Cent. Code §47-14-09 | 6% |
| Ohio | Ohio Rev. Code Ann. §2305.03, et seq. | 15 | Ohio Rev. Code Ann. §1343.03 | 10% |
| Oklahoma | Okla. Stat. Ann. tit. 12, § 91, et seq. | 5 | Okla. Stat. Title 12, §727 | U.S. 1-yr Treasury rate of prior yr, plus 4% |
| Oregon | Or. Rev. Stat. § 12.010 et seq. | 6 | Or. Rev. Stat. §82.010 | 9% |

-24-

<u>CLASS COMPLAINT</u> FOR INTEREST ON UM/UIM ARBITRATION AWARDS

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

| | | | | |
|---|---|---|---|---|
| Pennsylvania | 42 Pa. Cons. Stat. Ann. § 5501, et seq. | 4 | 42 Pa. Cons. Stat. §8101, 41 Pa. Cons. Stat. §202 | 6% |
| Rhode Island | R. I. Gen. Laws § 9-1-12, et seq. | 10 | R.I. Gen. Laws § 9-21-10 | 12% |
| South Carolina | S.C. Code Ann. § 15-3-510, et seq. | 3 | S.C. Code Ann. §34-31-20 | 8.75% |
| South Dakota | S.D. Codified Laws Ann. § 15-2-1, et seq. | 6 | S.D. Codified Laws §21-1-13.1 | 10% |
| Tennessee | Tenn. Code Ann. § 28-3-101, et seq. | 6 | Tenn. Code Ann. §47-14-103; §47-14-123 | 10% |
| Utah | Utah Code Ann. § 78-12-22, et seq. | 6 | Utah Code Ann., § 15-1-1; and Jorgensen v. John Clay & Co., 660 P.2d 229, 1983 Utah Lexis 995 (Utah 1983) | 10% |
| Vermont | Vt. Stat. Ann. tit. 12, § 461 and §511, et seq. | 6 | Vt. Stat. Ann., Title 9, §41a and Title 12, | 12% |
| Virginia | Va. Code Ann. § 8.01-228, et seq. | 5 | Va. Code Ann. § 6.1-330.54 and § 8.01-382 | 6% |
| West Virginia | W. Va. Code § 55-2-1 et | 10 | W. Va. Code § 56-6-31 | 10% |

-25-

CLASS COMPLAINT FOR INTEREST ON UM/UIM ARBITRATION AWARDS

| | | | |
|---|---|---|---|
| | seq. | | |
| Wyoming | Wyo. Stat.   10 | Wyo. Stat. § 40-14-10 | 10% |
| | § 1-3-102 et seq. | | |

33. **DEFENDANTS' VIOLATION OF THE INTEREST STATUTES:** Withholding payment of the UM/UIM Arbitration award and post-arbitration interest thereon. Plaintiff and each Class Member have fully performed all of their obligations under DEFENDANTS' UM/UIM automobile insurance contract, except those obligations which have been excused by DEFENDANTS' breach of the **Exhibit "1"** contract. Plaintiff's statutory claim for violation/breach of the Interest Statutes is typical of those of other Class Members, whose UM/UIM payments were likewise withheld and were likewise denied post-arbitration interest on the withheld/delayed/belated payment of each such arbitration award under DEFENDANTS' automobile insurance policy. As shown in **Exhibit "4,"** on July 2, 2012, following a first-party UIM/UM arbitration award against DEFENDANTS, Plaintiff was awarded $28,733.00 in new money damages. Upon execution of the July 2, 2012 arbitration award, DEFENDANTS could no longer claim a dispute as to the amount of UIM/UM benefits owed by DEFENDANTS to their insured. The amount owed by DEFENDANTS was expressly stated in the arbitration award, and was certain and liquidated. However, as shown in **Exhibit "5,"** DEFENDANTS breached/violated the Interest Statutes by withholding payment, so that Plaintiff only received payment from DEFENDANTS forty-five (45) days after the Arbitration Award, i.e., on August 16, 2012. DEFENDANTS have failed and refused to pay any interest on said delayed/belatedly paid arbitration award, or to pay any continuing interest on the unpaid interest amount on each such arbitration award, as required by the Interest Statutes.

-26-

CLASS COMPLAINT FOR INTEREST ON UM/UIM ARBITRATION AWARDS

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

34. As a result of DEFENDANTS' breach/violation of the Interest Statutes, in withholding payment of each Class Members' arbitration award/established damages, and failure to pay post-arbitration interest thereon for the time that DEFENDANTS withheld/delayed payment of each such Class Members' award/established damages, and/or the ongoing interest on said unpaid sum of interest, as required by the Interest Statutes, the Class Members, including Plaintiff have suffered direct and consequential damages.

35. The Class Members, including Plaintiff, have been deprived of their rightful post-arbitration interest payments on such awards/established damages. The Class Members, including Plaintiff, are entitled to recover such interest payments, plus interest thereon, attorney's fees, and costs of suit. The Class Members, including Plaintiff, have been deprived of their timely payments and rightful interest payments on such awards/established damages. The Class Members, including Plaintiff, are entitled to recover such interest payments, plus interest thereon, attorney's fees, and costs of suit.

### THIRD CAUSE OF ACTION

#### Unfair Competition

#### (Cal. Bus. & Prof. Code § 17200 *et seq.*)

#### [By California Sub-Class against All Defendants]

36. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 35 inclusive, as though set forth fully herein.

### CALIFORNIA SUB-CLASS ACTION ALLEGATIONS

37. **THE CALIFORNIA SUB-CLASS**: Plaintiff brings this action on behalf of himself individually and as a member of and representative for the following **California Sub-Class**: All persons who, at any time during the four (4) years before the filing of this Complaint, and continuing into the future were covered/insured/a beneficiary under one of

-27-

CLASS COMPLAINT FOR INTEREST ON UM/UIM ARBITRATION AWARDS

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

the DEFENDANTS' automobile policy of insurance, and who arbitrated, in California against any of the DEFENDANTS under the Uninsured and/or Underinsured Motorist Coverage of such policy of automobile insurance, were awarded monetary damages by the arbitrator against any of the DEFENDANTS, and did not receive payment of each such arbitration award on the day it was signed and were not paid all or some of the post-arbitration interest on the arbitration awards, from the date the damages were awarded by the arbitrator, until the date of each insured's receipt of DEFENDANTS' payment on each such arbitration award, and/or were also not paid ten-percent (10%) interest on said unpaid post-arbitration interest amount regarding such delayed/belatedly paid arbitration award or interest on the post-Arbitration interest.    (Hereinafter, the **"California Sub-Class Members."**)

38. **Common questions predominate.** This case involves the identical wrong and common issues of law and fact to the **California Sub-Class Members**, such that judicial determination of these common legal and factual issues in a class setting would be more efficient and economical than on a piecemeal, individual basis.  These common questions include:

    a. Whether DEFENDANTS owe each **California Sub-Class Member** post-Arbitration interest for having withheld payment to the insured, from the date of the UM/UIM arbitration award, and also owe each **California Sub-Class Member** continuing interest on the unpaid interest amount on each such arbitration award.

    b. Whether DEFENDANTS' conduct in withholding payment to the insured of the UM/UIM arbitration award, without payment of the interest thereon, is a breach of fiduciary duty and/or unlawful, unfair of fraudulent conduct.

CLASS COMPLAINT FOR INTEREST ON UM/UIM ARBITRATION AWARDS

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

c. Whether, as a result of DEFENDANTS' being unjustly enriched, Plaintiff and the **California Sub-Class Members** are entitled to disgorgement/forfeiture of DEFENDANTS' ill gotten gains in the form of post-arbitration interest for the time that DEFENDANTS withheld/waited to pay each UM/UIM arbitration award, plus continuing interest on the unpaid interest amount on each such arbitration award.

39. **A systematic and continuous course of illegal practices was applied to all of the California Sub-Class Members alike**, to wit: (1) Based on CHRISTOPHER SUTTON's experience, DEFENDANTS are believed to withhold payment to the insured, for about one month or more from the date of the UM/UIM arbitration award, while failing and refusing to pay DEFENDANTS' first-party insured any post-Arbitration interest for the time that DEFENDANTS withheld payment of each such arbitration award, or to pay any continuing interest on same. (2) DEFENDANTS are being unjustly enriched by illegally withholding, without post-arbitration interest, each such first-party insured's; and (3) DEFENDANTS have committed the foregoing unfair business practices in an effort to increase profits and to gain an unfair business advantage at the expense of the **California Sub-Class** and the public. These common questions of law and fact predominate over any question relating to an individual **California Sub-Class Members**. The foregoing acts/omissions and other acts/omissions by DEFENDANTS breached the insurance contract between DEFENDANTS, on the on hand, and Plaintiff and the **California Sub-Class Members**, on the other hand.

40. **Numerosity.** Plaintiff is informed and believes that the total number of **California Sub-Class Members** is over 200, geographically dispersed throughout California, making joinder of all **California Sub-Class Members** impracticable and making treatment of all

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

1   class members' claims collectively, rather than individually, to the benefit of the parties

2   and the Court. The **California Sub-Class Members** are easily identifiable through

3   DEFENDANTS' records.

4   41. **Typicality:**   Plaintiff's claim for breach of insurance contract and breach of Interest

5   Statutes is typical of those of other **California Sub-Class Members** whose UM/UIM

6   payments were likewise withheld and were likewise denied post-arbitration interest on the

7   withheld/delayed/belated payment of each such arbitration award under DEFENDANTS'

8   automobile insurance policy. As shown in **Exhibit "4,"** on July 2, 2012, following a first-

9   party UIM/UM arbitration award against DEFENDANTS, Plaintiff was awarded

10  $28,733.00 in new money damages. Upon execution of the July 2, 2012 arbitration award,

11  DEFENDANTS could no longer claim a dispute as to the amount of UIM/UM benefits

12  owed by DEFENDANTS to their insured.  The amount owed by DEFENDANTS was

13  expressly stated in the arbitration award, and was certain and liquidated.  However, as

14  shown in **Exhibit "5,"** DEFENDANTS withheld payment so that Plaintiff only received

15  payment from DEFENDANTS forty-five (45) days after the arbitration award, i.e., on

16  August 16, 2012.  DEFENDANTS have failed and refused to pay any interest on said

17  withheld/delayed/belatedly paid arbitration award, or to pay any continuing interest on the

18  unpaid interest amount on each such arbitration award.

19  42. **Benefits of this Class Action for these Numerous Low-Dollar Claims.**  A class action is

20  superior to the individual claims being separately litigated.  The **California Sub-Class**

21  **Members** have no plain, speedy or adequate remedy other than maintenance of this class

22  action for the interest on the withheld payment for each UM/UIM arbitration award,

23  because the amount of interest owed to each **California Sub-Class Members** is relatively

-30-

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

small, i.e., up to a few hundred dollars, thereby making it economically impractical for each person to pursue separate lawsuits. In fact, without maintenance of this class action, the claims alleged would, practically speaking, never be brought and DEFENDANTS would continue to be unjustly enriched by their unlawful behavior. The individual court filing fees would also likely exceed each individual's possible interest recovery. In addition, the prosecution of separate actions by individual class members, even if theoretically possible, would create a risk of inconsistent or varying adjudications with respect to individual class members in actions against DEFENDANTS and could establish incompatible standards for DEFENDANTS. Plaintiff is informed and believes and thereon alleges that the total, combined damages amount of all the classes alleged in this lawsuit is less than $5 million.

43. **Adequacy.** Plaintiff is able to fairly and adequately protect the interests of the rest of the **California Sub-Class**, because (1) his interests are aligned with those of the rest of the **California Sub-Class** in that his claims are those of a typical **California Sub-Class Members**, the **California Sub-Class** as a whole shares many common questions of law and fact, and there is no evidence of any antagonism between him and the rest of the **California Sub-Class**; and (Z) Plaintiff's counsel is competent and experienced in litigating many types of insurance, breach of contract and interest claims, including this one.

44. No unusual problems in managing this class action are likely to be encountered.

45. Plaintiff is unaware of any other active litigation asserting the claims of the precise sub-class as defined herein and none where such sub-class has been certified.

-31-

CLASS COMPLAINT FOR INTEREST ON UM/UIM ARBITRATION AWARDS

46. Plaintiff will fairly and adequately act to protect the interests of the **California Sub-Class Members.**

47. Class action treatment is the appropriate method for the fair and efficient adjudication of the controversy, in that, among other things, such treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of evidence, effort and expense that numerous individual lawsuits would engender.  The benefits of proceeding with a class action, including providing persons for obtaining redress for their claims that would not be practical to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

## UNFAIR BUSINESS PRACTICE ALLEGATIONS:

48. **California's Interest Statute:**  California Civil Code § 3287(a), states:

> Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt.  This section is applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state.
>
> See also, *Britz, Inc. v. Alfa-Laval Food & Dairy Co.* (1995) 34 Cal.App.4th 1085, 1106-1107 and Pierotti v. Torian, (2000) 81 Cal. App. 4th 17, 26, requiring post-arbitration interest on arbitration awards.

49. DEFENDANTS' withheld/delayed/belated payment of the UM/UIM arbitration awards, and failure to pay interest thereon, and failure to comply with the **Exhibit "1"** insurance policy and/or the Interest Statute, as alleged herein, constitute unfair business practices in violation of California Business & Professions Code Section 17200, *et seq.*

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA  90010
(323) 937-1537

-32-

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

50. DEFENDANTS' delayed/belated payment of the UM/UIM arbitration awards, and failure to pay interest thereon, and failure to comply with the **Exhibit "1"** insurance policy and/or the Interest Statutes, as alleged herein, constitute a business practice because it was done repeatedly, over a significant period of time, and in a systematic manner to the detriment of the **California Sub-Class Members**, including Plaintiff.

51. As a result of DEFENDANTS' unfair business practices, DEFENDANTS have reaped unfair benefits and illegal profits at the expense of Plaintiff, the **California Sub-Class Members**, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and restore such post-judgment interest monies to the **California Sub-Class Members**, including Plaintiff. The **California Sub-Class Members**, including Plaintiff, are entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

52. DEFENDANTS' unfair business practices entitle the **California Sub-Class Members**, including Plaintiff, to seek preliminary and permanent injunctive relief, including but not limited to orders that the DEFENDANTS account for, disgorge and restore to the **California Sub-Class Members** the interest unlawfully withheld from them.

### FOURTH CAUSE OF ACTION
### Breach of Insurance Contract
### [By the California Sub-Class Members against All Defendants]

53. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 52, inclusive, as though set forth fully herein.

54. Since at least 2009, Plaintiff was insured under an automobile insurance policy with DEFENDANTS, a true and correct copy of which is believed to be attached hereto as **Exhibit "1"** and incorporated by reference. The **Exhibit "1"** policy provided for

-33-

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

1  Uninsured Motorist and Underinsured Motorist coverage (hereinafter, "UM/UIM"

2  coverage).

3  55. The **Exhibit "1"** policy provides, in part, as follows:

**LOSSES WE PAY**

Under this coverage, we will pay for **bodily injury** to an **insured**, caused by accident which the **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle, underinsured motor vehicle or a hit-and-run motor vehicle** arising out of the ownership, maintenance or use of that motor vehicle.

The amount of the **insured's** recovery for these damages will be determined by agreement between the **insured** or his representative and us. The dispute will be arbitrated if an agreement cannot be reached.

**DISPUTES BETWEEN US AND AN INSURED**

If any **insured** making a claim under this policy and we do not agree that he is legally entitled to recover damages under this Coverage from the owner or operator of the **uninsured or underinsured motor vehicle** because of the **bodily injury** to the **insured**, or we do not agree as to the amount payable, either party will have the right to demand arbitration.

The matter(s) in dispute shall then be settled according to American Arbitration Association rules. One neutral arbitrator will conduct the arbitration. Judgment on the arbitrator's award may be entered in a court having jurisdiction. The award or judgment confirming the award shall not be conclusive on any party in any action between:
   (a) any **insured**, his insurer, his legal representative or his heirs, and
   (b) the uninsured/underinsured motorist, to recover damages arising out of the accident upon which the award is based. The parties may agree to be bound by the arbitrator's award.

21  56. **DEFENDANTS' BREACH: Withholding payment of the UM/UIM Arbitration**

22  **award and withholding post-arbitration interest thereon.** Plaintiff and each

23  **California Sub-Class Member** have fully performed all of their obligations under

24  DEFENDANTS' UM/UIM automobile insurance contract, except those obligations which

25  have been excised by DEFENDANTS' breach. Plaintiff's claim for breach of insurance

26  contract and breach of Interest Statutes is typical of those of other **California Sub-Class**

-34-

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

Members whose UM/UIM payments were likewise withheld and were likewise denied post-arbitration interest on the withheld/delayed/belated payment of each such arbitration award under DEFENDANTS' automobile insurance policy. As shown in **Exhibit "4,"** on July 2, 2012, following a first-party UIM/UM arbitration award against DEFENDANTS, Plaintiff was awarded $28,733.00 in new money damages.  Upon execution of the July 2, 2012 arbitration award, DEFENDANTS could no longer claim a dispute as to the amount of UIM/UM benefits owed by DEFENDANTS to their insured.  The amount owed by DEFENDANTS was expressly stated in the arbitration award, and was certain and liquidated.  However, as shown in **Exhibit "5,"** DEFENDANTS breached the contract by withholding payment, so that Plaintiff only received payment from DEFENDANTS of the Arbitration Award, forty-five (45) days later, on August 16, 2012.  DEFENDANTS have failed and refused to pay any interest on said delayed/belatedly paid arbitration award, or to pay any continuing interest on the unpaid interest amount on each such arbitration award.

57. As a result of DEFENDANTS' breach in withholding payment of each **California Sub-Class Members'** arbitration award/established damages, and/or to pay interest thereon for the time that DEFENDANTS failed to pay/delayed paying each such **California Sub-Class Members'** award/established damages, and/or the ongoing interest on said unpaid sum of interest, as required under the contract between the parties, the **California Sub-Class Members,** including Plaintiff have suffered direct and consequential damages.

58. The **California Sub-Class Members,** including Plaintiff, have been deprived of their rightful interest payments on such awards/established damages.  The **California Sub-**

Class Members, including Plaintiff, are entitled to recover such interest payments, plus interest thereon, attorney's fees, and costs of suit.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

**[By the Class Members and California Sub-Class against All Defendants]**

59. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 58 inclusive, as though set forth fully herein.

60. DEFENDANTS' delayed/belated payment of the UM/UIM arbitration awards, and failure to pay interest thereon, and failure to comply with the **Exhibit "1"** insurance policy and/or the Interest Statute, as alleged herein, constitutes a breach of said contract and is contrary to the Interest Statutes. It also constitutes a violation of California Business & Professions Code Section 17200, *et seq.*

61. As a result of DEFENDANTS' unfair business practices, DEFENDANTS have been unjustly enriched by having reaped unfair benefits and illegal profits at the expense of the Class Members and the **California Sub-Class Members**, including Plaintiff. DEFENDANTS should be made to disgorge their ill-gotten gains and restore such monies to the Class Members and the **California Sub-Class Members**, including Plaintiff. The Class Members and the **California Sub-Class Members**, including Plaintiff, are entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

## SIXTH CAUSE OF ACTION

### Breach of Fiduciary Duties

**[By the Class Members and California Sub-Class against All Defendants]**

62. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 61 inclusive, as though set forth fully herein.

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

-36-

63.   As the insurer of Plaintiff, the Class Members and the **California Sub-Class Members**, DEFENDANTS owed them a fiduciary duty.

64.   DEFENDANTS breached their fiduciary duties to Plaintiff, the Class Members and the California Sub-Class Members, by withholding payment of the adverse UM/UIM arbitration awards and by failing and refusing to pay post-arbitration interest on such arbitration awards.

65. As a result of DEFENDANTS' breach of fiduciary duties in withholding payment of each Class Members' and **California Sub-Class Members'** arbitration award, and failure/refusal to pay post-arbitration interest thereon for the time that DEFENDANTS withheld/delayed paying each such arbitration awards, and/or the ongoing interest on said unpaid sums of interest, of Plaintiff, the Class Members and the **California Sub-Class Members** have suffered direct and consequential damages.

66. Plaintiff, the Class Members and the **California Sub-Class Members** have been deprived of their rightful post-arbitration interest payments on such arbitration awards.  Plaintiff, the Class Members and the **California Sub-Class Members** are entitled to recover such interest payments, plus interest thereon, attorney's fees, and costs of suit.

Wherefore, Plaintiff requests relief as hereinafter provided.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief individually and on behalf of all others similarly situated as follows:

1.   For an order certifying the case as a class action vis a vis the Class Members and the California Sub-Class Members.

2.   For post-Arbitration interest on each Class Members' and California Sub-Class Members' UM/UIM arbitration award, from the date the damages were awarded to each

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

-37-

Class Member California Sub-Class Members' by each UM/UIM arbitrator, until the date of receipt of payment on each UM/UIM award, plus continuing interest on said unpaid interest amount regarding each such delayed/belatedly paid arbitration award.

3.   For an order of disgorgement of profits, restitution and/or forfeiture to Plaintiff and the class members from the unlawful business practices of DEFENDANTS in an amount subject to proof;

4.   For an order finding and declaring DEFENDANT's acts and practices as challenged herein, unlawful and unfair;

5.   For pre-judgment interest to the extent permitted by law;

6.   For pre-judgment and post-judgment interest to the extent permitted by law;

7.   For an award of attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action, to the extent permitted by law; and

8.   For such other and further relief as the Court deems fair and just.

LAW OFFICES OF STEVE A. HOFFMAN

Dated: July 1, 2013          By: _____

STEVE A. HOFFMAN,
Attorneys for Plaintiffs CHRISTOPHER SUTTON,
the Class Members and the California Sub-Class Members

LAW OFFICES OF STEVE A. HOFFMAN
4929 Wilshire Boulevard, Suite 410
Los Angeles, CA 90010
(323) 937-1537

-38-

CLASS COMPLAINT FOR INTEREST ON UM/UIM ARBITRATION AWARDS

# EXHIBIT 2

**GEICO**

ONE GEICO PLAZA
Washington, D. C.  20076-0001
Telephone: 1-800-841-3000

# Maryland Family Automobile Insurance Policy

A-30-MD (04-10)

# POLICY INDEX

Page

**SECTION I - LIABILITY COVERAGES**

**Your Protection Against Claims From Others**

| | |
|---|---|
| Definitions | 3 |
| Losses We Will Pay | 3 |
| Additional Payments We Will Make | |
| Under the Liability Coverages | 3 |
| Exclusions | 4 |
| Persons Insured | 5 |
| Financial Responsibility Laws | 5 |
| Out of State Insurance | 5 |
| Limits of Liability | 5 |
| Other Insurance | 5 |
| Conditions | 5 |
| Notice | |
| Two or More Autos | |
| Assistance and Cooperation of the Insured | |
| Action Against Us | |
| Subrogation | |

**SECTION II - PERSONAL INJURY PROTECTION**

**Protection For Injured Persons For Medical Expenses, Income Continuation, Funeral Expenses & Essential Services**

| | |
|---|---|
| Personal Injury Protection Options | 6 |
| Definitions | 6 |
| Losses We Will Pay | 7 |
| Exclusions | 7 |
| Limits of Liability | 7 |
| Conditions | 8 |
| Notice | |
| Action Against Us | |
| Medical Reports; Original Claim for Benefits | |
| Prompt Payment of Claim | |
| Other Insurance | |

**SECTION III - PHYSICAL DAMAGE COVERAGES**

**Your Protection for Loss of or Damage to Your Auto**

| | |
|---|---|
| Definitions | 8 |
| Losses We Will Pay | 9 |
| Comprehensive Coverage (Excluding Collision) | |
| Collision Coverage | |
| Additional Payments We Will Make Under The Physical Damage Coverages | 9 |
| Exclusions | 9 |
| Limits of Liability | 10 |
| Other Insurance | 10 |
| Conditions | 10 |
| Notice | |
| Two or More Autos | |

Page

| | |
|---|---|
| Assistance and Cooperation of the Insured | |
| Action Against Us | |
| Insured's Duties in Event of Loss | |
| Appraisal | |
| Payment of Loss | |
| No Benefit To Bailee | |
| Subrogation | |
| Assignment | |

**SECTION IV - UNINSURED MOTORISTS COVERAGE**

**Protection for You and Your Passengers For Injuries Caused By Uninsured and Hit-And-Run Motorists**

| | |
|---|---|
| Definitions | 12 |
| Losses We Will Pay | 13 |
| Exclusions | 13 |
| Persons Insured | 14 |
| Limits of Liability | 14 |
| Conditions | 14 |
| Notice | |
| Proof of Claim | |
| Assistance and Cooperation of the Insured | |
| Other Insurance - Bodily Injury | |
| Other Insurance - Property Damage | |
| Trust Agreement | |
| Payment of Loss | |
| Action Against Us | |

**SECTION V**
**GENERAL CONDITIONS**

**These Conditions Apply to All Coverages In This Policy**

| | |
|---|---|
| Territory | 15 |
| Policy Period | 15 |
| Premium | 15 |
| Changes | 15 |
| Disposal of Vehicle | 16 |
| Assignment | 16 |
| Cancellation By The Insured | 16 |
| Cancellation By Us | 16 |
| Renewal | 16 |
| Dividend Provision | 16 |
| Declarations | 16 |
| Fraud and Misrepresentation | 16 |
| Examination Under Oath | 17 |
| Terms of Policy Conformed to Statues | 17 |
| Choice of Law | 17 |

**SECTION VI - AMENDMENTS AND ENDORSEMENTS**

**Special Endorsement**

| | |
|---|---|
| United States Government Employees | 17 |

A-30-MD (04-10)

Whenever, "he," "his," "him," or "himself" appears in this policy, you may read "she," "her," "hers," or "herself."

## AGREEMENT

We, the Company named in the Declarations attached to this policy, agree with *you*, in return for *your* payment of the premium when due, to insure *you*, subject to all the terms of this policy.

Acting in reliance on the information *you* have furnished us, we will insure *you* for the Coverages and the Coverage Limits for which a premium is shown in the Declarations.

## SECTION I - LIABILITY COVERAGES - Bodily Injury Liability and Property Damage Liability
### *Your* Protection Against Claims From Others

### DEFINITIONS

The words italicized in **Section I** of this policy are defined below.

1. *Auto business* means the business of selling, repairing, servicing, storing, transporting or parking of autos.
2. *Bodily injury* means bodily injury to a person, including resulting sickness, disease or death.
3. *Family member* means a *relative.*
4. *Farm auto* means a truck type vehicle with a gross vehicle weight of 15,000 pounds or less, not used for commercial purposes other than farming.
5. *Insured* means a person or organization described under **"PERSONS INSURED"**.
6. *Non-owned auto* means a *private passenger auto, farm auto, utility auto* or *trailer* not owned by or furnished for the regular use of either *you* or a *relative,* other than a *temporary substitute auto.* An auto rented or leased for more than 30 days will be considered as furnished for regular use.
7. *Owned auto* means:
   (a) A vehicle described in this policy for which a premium charge is shown for these coverages;
   (b) A *trailer* owned by *you;*
   (c) A *private passenger, farm* or *utility auto,* ownership of which *you* acquire during the policy period or for which *you* enter into a lease during the policy period for a term of six months or more, if:
       (i) It replaces an *owned auto* as defined in (a) above; or
       (ii) We insure all *private passenger, farm* and *utility autos* owned by *you* on the date of acquisition, and *you* ask us to add it to the policy no more than 30 days later;
   (d) A *temporary substitute auto.*
8. *Private passenger auto* means a four-wheel private passenger, station wagon or jeep-type auto.
9. *Relative* means a person related to *you* or *your* spouse by blood, marriage or adoption who resides in *your* household.
10. *Temporary substitute auto* means an auto or *trailer,* not owned by *you,* temporarily used with the permission of the owner. This vehicle must be used as a substitute for the *owned auto* or *trailer* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.
11. *Trailer* means a trailer designed to be towed by a *private passenger auto,* if not being used for business or commercial purposes with a vehicle other than a *private passenger, farm* or *utility auto.*
12. *Utility auto* means a vehicle, other than a *farm auto,* with a gross vehicle weight of 15,000 pounds or less of the pick-up body, van or panel truck type not used for commercial purposes.
13. *War* means armed conflict between nations, whether or not declared, civil war, insurrection, rebellion or revolution.
14. *You* and *your* means the policyholder named in the Declarations or his or her spouse if a resident of the same household.

### LOSSES WE WILL PAY

Under **Section I**, we will pay damages which an *insured* becomes legally obligated to pay because of:

1. *Bodily injury,* sustained by a person, and
2. Damage to or destruction of property, arising out of the ownership, maintenance or use of the *owned* or *non-owned auto.* We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.

### ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES

1. All investigative and legal costs incurred by us.
2. All court costs charged to an *insured* in a covered lawsuit.
3. Interest calculated on that part of a judgment that is within our limit of liability and accruing:
   (a) Before the judgment, where owed by law, and until we pay, offer to pay, or deposit in court the amount due under this coverage;

(b) After the judgment, and until we pay, offer to pay, or deposit in court, the amount due under this coverage.

4. Premiums for appeal bonds in a suit we appeal, or premiums for bonds to release attachments; but the face amount of these bonds may not exceed the applicable limit of liability.

5. Premiums for bail bonds paid by an *insured* due to traffic law violations arising out of the use of an *owned auto* or *non-owned auto*, not to exceed $250 per bail bond.

We will upon request by an *insured*, provide reimbursement for the following items:

(a) Costs incurred by any *insured* for first aid to others at the time of an accident involving an *owned auto* or *non-owned auto*.

(b) Loss of earnings up to $50 a day, but not other income, if we request an *insured* to attend hearings and trials.

(c) All reasonable costs incurred by an *insured* at our request.

## EXCLUSIONS

**Section I** does not apply:

1. To *bodily injury* to any *insured*, or to any *relative* of an *insured* residing in his household in excess of the financial responsibility limits required by Maryland law. This exclusion does not apply if the first named insured has purchased Supplemental Resident Relative Liability coverage.

2. To any vehicle used to carry persons or property for compensation or a fee, including but not limited to delivery of food or any other products. This exclusion does not apply to damages within the minimum financial responsibility limits for the state of Maryland. However, a vehicle used in an ordinary carpool on a ride sharing or cost sharing basis is covered.

3. To *bodily injury* or property damage caused intentionally by or at the direction of an *insured*.

4. To *bodily injury* or property damage that is insured under a nuclear liability policy.

5. To *bodily injury* or property damage arising from the operation of farm machinery.

6. To *bodily injury* to an employee of an *insured* arising out of and in the course of employment by an *insured*. However, *bodily injury* of a domestic employee of the *insured* is covered unless benefits are payable or are required to be provided under a workers' or workmen's compensation law.

7. To *bodily injury* to a fellow employee of an *insured* if the fellow employee's *bodily injury* arises from the use of an auto while in the course of employment and if worker's compensation or other similar coverage is available. This exclusion does not apply to damages within the minimum financial responsibility limits for the state of Maryland. We will defend *you* if a suit is brought by a fellow employee against *you* alleging use, ownership or maintenance of an auto by *you*.

8. To an *owned auto* while used by a person (other than *you* or a *relative*) when he is employed or otherwise engaged in the *auto business* in excess of the financial responsibility limits required by Maryland law.

9. To a *non-owned auto* while maintained or used by any person while such person is employed or otherwise engaged in (a) any *auto business* if the accident arises out of that business; (b) any other business or occupation of any *insured* if the accident arises out of that business or occupation, except a *private passenger auto* used by *you* or *your* chauffeur or domestic servant while engaged in such other business.

10. To damage to:

(a) Property, including motor vehicles of any type, owned by an *insured*; or

(b) Property, including motor vehicles of any type, rented to, transported by, or in charge of an *insured* other than a residence while rented to or leased to an *insured* or a private garage while rented to or leased by an *insured*.

Exclusion **10.** (b) does not apply to claims made by a resident *relative* of *your* household if the first named insured has purchased Supplemental Resident Relative Liability coverage.

11. To an auto acquired by *you* during the policy term, if *you* have purchased other liability insurance for it.

12. To:

(a) The United States of America or any of its Agencies;

(b) Any person, including *you*, if protection is afforded under the provisions of the Federal Tort Claims Act.

13. To any liability assumed under any contract or agreement.

14. To *bodily injury* or property damage caused by an auto driven in or preparing for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized. This exclusion does not apply to damages within the minimum financial responsibility limits for the state of Maryland for accidents occurring on a public road.

15. To punitive or exemplary damages recovered or potentially recoverable from any *insured* arising from the use or abuse of alcohol, medication or drugs.

16. To *bodily injury* or property damage caused by *war*, whether or not declared, civil *war*, insurrection, rebellion or revolution.

If an Exclusion is deemed to be invalid, then coverage applies only in an amount up to the financial responsibility limits required by Maryland law.

**PERSONS INSURED**

Section I applies to the following as *insureds* with regard to an *owned auto*:

1. *You* and *your relatives*;
2. Any other person using the auto with *your* permission. The actual use must be within the scope of that permission;
3. Any other person or organization for his or its liability because of acts or omissions of an *insured* under **1.** or **2.** above.

Section I applies to the following with regard to a *non-owned auto*:

1. (a) *You*;
   (b) *Your relatives* when using a *private passenger auto*, *utility auto*, *farm auto*, or *trailer*.

   Such use by *you* or *your relatives* must be with the permission, or reasonably believed to be with the permission, of the owner and within the scope of that permission.

2. A person or organization, not owning or hiring the auto, regarding his or its liability because of acts or omissions of an *insured* under **1.** above.

The coverage limits stated in the Declarations are our maximum obligations regardless of the number of *insureds* involved in the occurrence.

**FINANCIAL RESPONSIBILITY LAWS**

When this policy is certified as proof of financial responsibility for the future under the provisions of a motor vehicle financial responsibility law, this liability insurance will comply with the provisions of that law. The *insured* agrees to reimburse us for payments made by us which we would not have had to make except for this agreement.

**OUT OF STATE INSURANCE**

When the policy applies to the operation of a motor vehicle outside of *your* state, we agree to increase *your* coverages to the extent required of out-of-state motorists by local law. This additional coverage will be reduced to the extent that *you* are protected by another automobile insurance policy. No person can be paid more than once for any item of loss.

**LIMITS OF LIABILITY**

Regardless of the number of autos or *trailers* to which this policy applies:

1. The limit of Bodily Injury Liability stated in the Declarations as applicable to "each person" is the limit of our liability for all damages, including damages for care and loss of services, because of *bodily injury* sustained by one person as the result of one occurrence.

2. The limit of Bodily Injury Liability stated in the Declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of *bodily injury* sustained by two or more persons as the result of any one occurrence.

3. The limit of Property Damage Liability stated in the Declarations as applicable to "each occurrence" is the total limit of our liability for all damages because of injury to or destruction of the property of one or more persons or organizations, including the loss of use of the property as the result of any one occurrence.

**OTHER INSURANCE**

If the *insured* has other insurance against a loss covered by **Section I** of this policy, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide for losses arising out of the ownership, maintenance or use of a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

**CONDITIONS**

The following conditions apply to **Section I**:

1. NOTICE

   As soon as possible after an occurrence, written notice must be given to us or our authorized agent stating:
   (a) The identity of the *insured;*
   (b) The time, place and details of the occurrence;

(c) The names and addresses of the injured, and of any witnesses; and

(d) The names of the owners and the description and location of any damaged property.

If a claim or suit is brought against an *insured*, he must promptly send us each demand, notice, summons or other process received.

2. TWO OR MORE AUTOS

If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached *trailer* are considered to be one auto.

3. ASSISTANCE AND COOPERATION OF THE *INSURED*

The *insured* will cooperate and assist us, if requested:

(a) In the investigation of the occurrence;

(b) In making settlements;

(c) In the conduct of suits;

(d) In enforcing any right of contribution or indemnity against any legally responsible person or organization because of *bodily injury* or property damage;

(e) At trials and hearings;

(f) In securing and giving evidence; and

(g) By obtaining the attendance of witnesses.

Only at his own cost will the *insured* make a payment, assume any obligation or incur any cost other than for first aid to others.

4. ACTION AGAINST US

No suit will lie against us:

(a) Unless the *insured* has fully complied with all the policy's terms and conditions; and

(b) Until the amount of the *insured's* obligation to pay has been finally determined; either

   (i) By a final judgment against the *insured* after actual trial; or

   (ii) By written agreement of the *insured*, the claimant and us.

A person or organization or the legal representative of either, who secures a judgment or written agreement, may then sue to recover up to the policy limits.

No person or organization, including the *insured*, has a right under this policy to make us a defendant in an action to determine the *insured's* liability.

Bankruptcy or insolvency of the *insured* or of his estate will not relieve us of our obligations.

5. SUBROGATION

When payment is made under this coverage, we will be subrogated to all the **insured's** rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after loss to prejudice these rights.

This means we will have the right to sue for or otherwise recover the loss from anyone else who may be held responsible.

## SECTION II - PERSONAL INJURY PROTECTION
### Protection For *Injured Persons* For *Medical Expenses, Income Continuation, Funeral Expenses & Essential Services*

**Personal Injury Protection Options**

| Option | Limits of Liability | Option | Limits of Liability |
|--------|--------------------|--------|--------------------|
| 1 | $2,500 | A | $2,500/W Personal Injury Protection Waiver Signed |
| 2 | $5,000 | B | $5,000/W Personal Injury Protection Waiver Signed |
| 3 | $7,500 | C | $7,500/W Personal Injury Protection Waiver Signed |
| 4 | $10,000 | D | $10,000/W Personal Injury Protection Waiver Signed |

**DEFINITIONS**

The definitions of *bodily injury, relative,* and *you* in Section I apply to Section II. The following special definitions apply:

1. *Essential services benefits* means payment for reasonable and necessary expenses for personal services, incurred within three (3) years from the date of the accident, which the *injured person* would have performed for the care of his family but for the injury.

2. *Funeral services* means funeral, burial or cremation services.

3. *Income* means money earned in gainful employment and other earnings from businesses or farms owned individually, jointly or in partnership and to the extent that those earnings are paid or payable in property or services rather than cash, *income* means reasonable value of the property or services.

4. *Income continuation benefits* means payment for loss of gross *income* incurred within three (3) years from the accident date; but payment will not exceed 85% of *income* lost and will stop on the death of the *injured person*.

5. *Income producer* means a person who at the time of the accident was earning or producing *income* from his occupation.

6. *Injured person* means:
   (a) *You* or any *relative* who sustains *bodily injury* in a *motor vehicle* accident;
   (b) Any other natural person who sustains *bodily injury*: (i) while a guest or passenger in the *insured auto*; or (ii) while using the *insured auto* with *your* express or implied permission; or (iii) while a *pedestrian* through being struck by the *insured auto*.

   When a Personal Injury Protection Waiver, pursuant to Maryland Annotated Insurance Code Section 19-506, is signed, an *injured person* does not include:
   (a) All named insureds;
   (b) All listed drivers;
   (c) All members of the first named insured's family residing in the first named insured's household who are 16 years of age or older; and
   (d) Any injured pedestrian, passenger or driver of an *insured auto* who had Personal Injury Protection benefits waived under any Maryland automobile liability insurance policy.

7. *Insured auto* means an auto owned by *you*, to which the **Section I** coverages of this policy apply and for which we have charged a specific premium.

8. *Medical expense benefits* means payment for all reasonable and necessary expenses for medical, surgical, x-ray, dental services, prosthetic devices, ambulance, hospital, professional nursing and *funeral services* arising from the accident and incurred within three (3) years from the accident date.

9. *Motor vehicle* means an auto and any other vehicle, including a trailer, operated or designed for operation upon a public road by any power other than animal or muscular power.

10. *Occupying* means in or upon or entering into or alighting from.

11. *Pedestrian* means any person not *occupying* a *motor vehicle*. Persons in, on, or alighting from a vehicle operated by animal or muscular power, or those on or alighting from an animal are considered to be pedestrians.

**LOSSES WE WILL PAY**

We will pay to or for the *injured person* the following benefits for loss and expense incurred because of *bodily injury* caused by an accident and involving a *motor vehicle*:

1. *Medical expense benefits* for each *injured person*.
2. *Income continuation benefits* for each *injured person* who was an *income producer* at the time of the accident.
3. *Essential services benefits* for each *injured person* who was not an *income producer* at the time of the accident.

**EXCLUSIONS**

**Section II** does not apply:

1. To any person who intentionally causes an accident.
2. To a person injured while operating or voluntarily riding in an auto which he knows to be stolen.
3. To a person injured while committing a felony or trying to evade a police officer.
4. To a person injured as a result of his ownership, maintenance or use of a motorcycle.
5. To *you* and *your relatives* if injured while in, or through being struck by, any *motor vehicle* which is not an *insured auto* if it is owned by *you* or a *relative* or available for the regular use of either.
6. To any person if injured while in or through being struck by a *motor vehicle* (other than an *insured auto*) covered by another Maryland no-fault policy except to the extent that the Personal Injury Protection coverage on the *insured auto* is in excess of that on the involved *motor vehicle*.
7. To *essential services benefits* for services performed by members of the *injured person's* household.
8. To a *pedestrian* injured in an accident outside of Maryland when such *pedestrian* is not a Maryland resident.
9. To a person who is the owner of a *motor vehicle* and fails to maintain security sufficient to meet the financial responsibility requirements of Section 17-103 of the Transportation Article of Maryland Statutes.

**LIMITS OF LIABILITY**

Regardless of the number of policies available, claims made, *insured autos* or persons to which this coverage applies, our total limit of liability for all personal injury protection benefits paid to or for any one person injured in any one *motor vehicle* accident is the amount shown in the policy Declarations as applicable to "each person" for the *insured auto* involved in the accident. If an *insured* is eligible to claim benefits as the result of an accident in which the *insured auto* is not involved, this coverage shall be limited to the amount shown in the Declarations for any one *insured auto*. Except for *you* or any *relative*, if the *injured person* is a *pedestrian* struck by the *insured auto*, the limit of liability is the minimum personal injury protection coverage required by Maryland law.

All amounts payable will be reduced by the amount of any medical or disability coverage collectible from the insurer of the *motor vehicle*, and by the amount of workmen's compensation benefits recovered by or on behalf of an *injured person*.

**CONDITIONS**
The following conditions apply to **Section II**:
1. NOTICE
   As soon as possible after an accident, notice must be given us or our authorized agent stating:
   (a) the time, place and details of the accident; and
   (b) the names and addresses of the *injured persons*.

2. ACTION AGAINST US
   Suit shall not lie against us unless there has been full compliance with all the terms of this insurance.

3. MEDICAL REPORTS; ORIGINAL CLAIM FOR BENEFITS
   As soon as possible and within no more than 12 months after the accident date, the *injured person* or his representative shall provide us with an original claim for benefits and with all information which we require to determine the amount payable.  If loss of wages benefits are claimed, the *injured person* or his representative shall authorize us to obtain loss of wages information as we may reasonably need to verify the amount payable.
   The *injured person* shall submit to medical examination at our expense by doctors chosen by us, as we may reasonably require.  He, or his representative, shall authorize us to obtain medical reports and copies of records.

   Forms furnished by us are to be used in submitting an original claim for benefits unless we fail to provide the forms within 15 days after receiving notice of a claim.

   If medical benefits or loss of wages benefits terminate and the *injured person* later requests further benefits under the original claim for *bodily injury*, he, or his representative, shall submit to us reasonable medical proof of recurrence.

4. PROMPT PAYMENT OF CLAIMS
   We will make personal injury protection benefit payments within 30 days after satisfactory proof of claim has been received by us.

5. OTHER INSURANCE
   If *you* or a *relative* are injured while in, or as a *pedestrian* through being struck by, a *motor vehicle* not insured as required by Maryland law, and there is no other Personal Injury Protection coverage available for *your* injuries, we will reduce our amount payable to the extent of any medical and disability benefits applicable to that *motor vehicle* and collectible from its insurer.

## SECTION III - PHYSICAL DAMAGE COVERAGES
### *Your Protection For Loss Or Damage To Your Auto*

**DEFINITIONS**
The definitions of the terms *auto business, farm auto, private passenger auto, relative, temporary substitute auto, utility auto, you,* and *war* under **Section I** apply to **Section III**.  Under this Section, the following special definitions apply:

1. **Actual cash value** is the replacement cost of the auto or property less *depreciation* and/or *betterment*.

2. **Betterment** is improvement of the auto or property to a value greater than its pre-loss condition.

3. **Collision** means *loss* caused by upset of the *owned* or *non-owned auto* or its collision with another object, including an attached vehicle.
   *Losses* caused by the following are comprehensive *losses*:
   (a) missiles; (b) falling objects; (c) fire; (d) lightning; (e) theft; (f) larceny; (g) explosion; (h) earthquake; (i) windstorm;(j) hail; (k) water; (l) flood; (m) malicious mischief; (n) vandalism;  (o) riot; (p) civil commotion; or (q) colliding with a bird or animal.

4. **Custom parts or equipment** means paint, equipment, devices, accessories, enhancements, and changes, other than those which are original manufacturer installed, which:
   (a) Are permanently installed or attached; or
   (b) Alter the appearance or performance of a vehicle.
   This includes any electronic equipment, antennas, and other devices used exclusively to send or receive audio, visual, or data signals, or to play back recorded media, other than those which are original manufacturer installed, that are permanently installed in the *owned auto*, using bolts or brackets, including slide-out brackets.

5. **Depreciation** means a decrease or loss in value to the auto or property because of use, disuse, physical wear and tear, age, outdatedness, or other causes.

6. **Insured** means:
   (a) Regarding the *owned auto*:
       (i) *You* and *your relatives*;
       (ii) A person or organization maintaining, using or having custody of the auto with *your* permission, if the use is within the scope of that permission.

(b) Regarding a *non-owned auto*: *you* and *your relatives*, using the auto, if the actual operation or use is with the permission or reasonably believed to be with the permission of the owner and within the scope of that permission.

7. *Loss* means direct and accidental loss of or damage to:
   (a) The auto, including its equipment; or
   (b) Other insured property.

8. *Non-owned auto* means a *private passenger auto*, *utility auto*, *farm auto*, or *trailer* not owned by or furnished for the regular use of either *you* or *your relatives*, except a *temporary substitute auto*. *You* or *your relative* must be using the auto or *trailer* within the scope of permission given by its owner. An auto rented or leased for more than 30 days will be considered as furnished for *your* regular use.

9. *Owned auto* means:
   (a) Any vehicle described in this policy for which a specific premium charge indicates there is coverage;
   (b) A *private passenger, farm or utility auto* or a *trailer*, ownership of which is acquired by *you* during the policy period or for which *you* enter into a lease during the policy period for a term of six months or more; if
       (i) It replaces an *owned auto* as described in (a) above, or
       (ii) We insure all *private passenger, farm, utility autos* and *trailers* owned or leased by *you* on the date of such acquisition and *you* request us to add it to the policy within 30 days afterward;
   (c) A *temporary substitute auto*.

10. *Trailer* means a trailer of the flatbed variety designed for use with a *private passenger auto* and not used as a home, residence, office, store, display or passenger trailer. *Trailer* does not mean a trailer with built-in sleeping facilities designed for recreational or camping use.

## LOSSES WE WILL PAY

### Comprehensive Coverage (Excluding *Collision*)

1. We will pay for each *loss*, less the applicable deductible, caused other than by *collision* to the *owned* or *non-owned auto*. This includes glass breakage.

   At the option of the *insured*, breakage of glass caused by *collision* may be paid under the Collision coverage, if included in the policy.

2. We will pay, up to $200 per occurrence, less the applicable deductible, for *loss* to personal effects due to:
   (a) Fire;           (e) Earthquake;
   (b) Lightning;      (f) Explosion; or
   (c) Flood;          (g) Theft of the entire auto.
   (d) Falling objects;

   The property must be owned by *you* or a *relative,* and must be in or upon an *owned auto*.

3. *Losses* arising out of a single occurrence shall be subject to no more than one deductible.

### Collision Coverage

1. We will pay for *collision loss* to the *owned* or *non-owned auto* for the amount of each *loss* less the applicable deductible.

2. We will pay up to $200 per occurrence, less the applicable deductible, for *loss* to personal effects due to a *collision*. The property must be owned by *you* or a *relative*, and must be in or upon an *owned auto*.

3. *Losses* arising out of a single occurrence shall be subject to no more than one deductible.

### ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE PHYSICAL DAMAGE COVERAGES

1. We will reimburse the *insured* for transportation expenses incurred during the period beginning 48 hours after a theft of the entire auto covered by Comprehensive coverage under this policy has been reported to us and the police. Reimbursement ends when the auto is returned to use or we pay the *loss*.
   Reimbursement will not exceed $25 per day nor more than $750 per *loss*.

2. We will pay general average and salvage charges for which the *insured* becomes legally liable when the auto is being transported.

## EXCLUSIONS

**Section III** does not apply:

1. To an auto used to carry persons or property for compensation or a fee, including but not limited to delivery of food or any other products. However, a vehicle used in an ordinary carpool on a ride sharing or cost sharing basis is covered.

2. To *loss* due to *war*.
3. To a *non-owned auto* when used by the *insured* in the *auto business*.
4. To damage caused by and limited to wear and tear, freezing, mechanical or electrical breakdown or failure, unless that damage results from a covered theft.
5. To tires, when they alone are damaged by *collision*.
6. To *loss* due to radioactivity.
7. To *loss* to any tape, wire, record disc or other medium for use with a device designed for the recording and/or reproduction of sound.
8. To any radar or laser detector.
9. To *trailers* when used for business or commercial purposes with vehicles other than *private passenger, farm* or *utility autos*.
10. To *custom parts* or *equipment* unless the existence of those *custom parts* or *equipment* has been previously reported to us and an endorsement to the policy has been added.
11. To any liability assumed under any contract or agreement.
12. To any *loss* or damage resulting from:
    (a) The acquisition of a stolen vehicle;
    (b) Any governmental, legal or other action to return a vehicle to its legal, equitable, or beneficial owner, or anyone claiming an ownership interest in the vehicle; or
    (c) Any confiscation, seizure or impoundment of a vehicle by governmental authorities.
    (d) The sale of an *owned auto*.
13. To the destruction, impoundment, confiscation or seizure of a vehicle by governmental or civil authorities due to its use by *you*, a *relative* or a permissive user of the vehicle in illegal activity.
14. To any *loss* caused by participation in or preparing for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized.
15. To any *loss* caused intentionally by or at the direction of an *insured*.

**LIMITS OF LIABILITY**
The limit of our liability for *loss*:

1. Is the *actual cash value* of the property at the time of *loss*;
2. Will not exceed the prevailing competitive price to repair or replace the property at the time of *loss*, or any of its parts, including parts from non-original equipment manufacturers, with other of like kind and quality and will not include compensation for any diminution of value claimed to result from the *loss*. Although *you* have the right to choose any repair facility or location, the limit of liability for repair or replacement of such property is the prevailing competitive price, which is the price we can secure from a competent and conveniently located repair facility. At *your* request, we will identify a repair facility that will perform the repairs at the prevailing competitive price;
3. To personal effects arising out of one occurrence is $200;
4. To a *trailer* not owned by *you* is $500;
5. For accidents occurring in the Republic of Mexico, the amount payable shall be based on the cost of repairs at the nearest point in the United States of America. In no event shall our liability exceed the *actual cash value* of the auto.
6. For *custom parts* or *equipment* is limited to the *actual cash value* of the *custom parts* or *equipment*, not to exceed the *actual cash value* of the vehicle.

*Actual cash value* of property will be determined at the time of the loss and will include an adjustment for *depreciation* and/or *betterment* and for the physical condition of the property.

**OTHER INSURANCE**
If the *insured* has other insurance against a *loss* covered by **Section III**, we will not owe more than our pro-rata share of the total coverage available. Any insurance we provide for a vehicle *you* do not own shall be excess over any other collectible insurance.

**CONDITIONS**
The following conditions apply only to the Physical Damage coverages:

1. NOTICE
   As soon as possible after a *loss*, written notice must be given us or our authorized agent stating:
   (a) The identity of the *insured*;

(b) A description of the auto or *trailer*;
(c) The time, place and details of the *loss*; and
(d) The names and addresses of any witnesses.

In case of theft, the *insured* must promptly notify the police.

2. TWO OR MORE AUTOS

If this policy covers two or more autos or *trailers*, the limit of coverage and any deductible apply separately to each.

3. ASSISTANCE AND COOPERATION OF THE *INSURED*

The *insured* will cooperate and assist us, if requested:

(a) In the investigation of the *loss*;
(b) In making settlements;
(c) In the conduct of suits;
(d) In enforcing any right of subrogation against any legally responsible person or organization;
(e) At trials and hearings;
(f) In securing and giving evidence; and
(g) By obtaining the attendance of witnesses.

4. ACTION AGAINST US

Suit will not lie against us unless the policy terms have been complied with and until 30 days after proof of loss is filed and the amount of *loss* is determined.

If we retain salvage, we have no duty to preserve or otherwise retain the salvage for any purpose, including as evidence for any civil or criminal proceeding. If *you* ask us immediately after a loss to preserve the salvage for inspection, we will do so for a period not to exceed 30 days. *You* may purchase the salvage from us if *you* wish.

5. *INSURED'S* DUTIES IN EVENT OF *LOSS*

In the event of *loss* the *insured* will:

(a) Protect the auto, whether or not the *loss* is covered by this policy. Further loss due to the *insured's* failure to protect the auto will not be covered. Reasonable expenses incurred for this protection will be paid by us.
(b) File with us, within 91 days after *loss*, his sworn proof of loss, including all information we may reasonable require.
(c) Exhibit the damaged property, at our request.

6. APPRAISAL

If we and the *insured* do not agree on the amount of *loss*, either may, within 60 days after proof of loss is filed, demand an appraisal of the *loss*. In that event, we and the *insured* will each select a competent appraiser. The appraisers will select a competent and disinterested umpire.

The appraisers will state separately the *actual cash value* and the amount of the *loss*. If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of *loss*. We and the *insured* will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.

We will not waive our rights by any of our acts relating to appraisal.

7. PAYMENT OF *LOSS*

We may at our option:

(a) Pay for the *loss*; or
(b) Repair or replace the damaged or stolen property.

At any time before the *loss* is paid or the property replaced, we may return any stolen property to *you* or to the address shown in the Declarations at our expense with payment for covered damage. We may take all or part of the property at the agreed or appraised value, but there will be no abandonment to us. We may settle claims for *loss* either with the *insured* or the owner of the property.

8. NO BENEFIT TO BAILEE

This insurance does not apply directly or indirectly to the benefit of a carrier or other bailee for hire liable for the *loss* to the auto.

9. SUBROGATION

When payment is made under this coverage, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after loss to prejudice these rights. This means we will have the right to sue for or otherwise recover the *loss* from anyone else who may be held responsible.

10. ASSIGNMENT

With respect to Section III, Physical Damage Coverages, an Assignment of interest under this policy will not bind us without our consent.  Any nonconforming assignment shall be void and invalid.  Moreover, the assignee of a nonconforming assignment shall acquire no rights under this contract and we shall not recognize any such assignment.

## SECTION IV - UNINSURED MOTORISTS COVERAGE
### Protection For *You* And *Your* Passengers For Injuries Caused By *Uninsured* and *Hit-And-Run Motor Vehicles*

**DEFINITIONS**

The words italicized in this Section are defined below.

1.  *Bodily injury* means bodily injury, sickness, or disease, including death, sustained by *you, your relatives* or any other person *occupying* an *insured auto* with *your* consent.

2.  *Hit-and-run motor vehicle* means a motor vehicle which causes an accident resulting in *bodily injury* to an *insured* or *property damage* provided:

    (a)  The owner or operator cannot be identified;

    (b)  The *insured* or someone on his behalf reports the accident within 24 hours, or as soon thereafter as practicable, to the nearest office of an authorized police authority;

    (c)  The *insured* or someone on his behalf files with us, within 30 days after requested, a statement under oath that the *insured* or his legal representative has a cause or causes of action arising out of the accident for damages against a person or persons whose identity cannot be determined and setting forth facts supporting the statement; and

    (d)  At our request, the *insured*, or his legal representative, makes the auto which the *insured* was *occupying* at the time of the accident available for our inspection.

3.  *Insured* means:

    (a)  *You* and *your* spouse if a resident of the same household;

    (b)  *Your relative* if a resident of *your* household;

    (c)  Any other person while *occupying* an *owned auto*.

    (d)  Any person who is entitled to recover damages because of *bodily injury* or *property damage* sustained by an *insured* under (a), (b), or (c) above.

    If there is more than one *insured*, our limit of liability will not be increased.

4.  *Insured auto* is an auto:

    (a)  Described in the Declarations and covered by the Bodily Injury and Property Damage Liability coverages of this policy;

    (b)  *A temporary substitute* auto; or

    (c)  Operated by *you* or *your* spouse if a resident of the same household.

    But the term *insured auto* does not include:

    (i)  An auto used to carry passengers or goods for hire except in a carpool on a ride sharing or cost sharing basis;

    (ii)  An auto being used without the owner's permission; or

    (iii)  Under subparagraphs (b) and (c) above, an auto owned by or furnished for the regular use of an *insured*.

5.  *Property damage* means injury to or destruction of:

    (a)  An *insured auto* owned by you;

    (b)  Any property in the *insured auto* owned by *you*, any *relative* or other person *occupying* the *insured auto*; or

    (c)  Any other property owned by the *insured* if located in Maryland.

6.  *Occupying (Occupied)* means in, upon, entering into or alighting from an auto.

7.  *Relative* means a person related to *you* who resides in *your* household.

8.  *State* includes the District of Columbia, the territories and possessions of the United States, and the Provinces of Canada.

9.  *Uninsured motor vehicle* is:

    (a)  A motor vehicle to which there is at the time of the accident no applicable Bodily Injury or Property Damage Liability bond or insurance policy which complies with the financial responsibility laws of Maryland.  This term also includes an auto the insurer of which is or becomes insolvent or denies coverage; or

    (b)  A *hit-and-run motor vehicle* as defined; or

    (c)  A motor vehicle whose ownership, maintenance, or use has resulted in the *bodily injury* or death of an *insured*, and for which the sum of the limits of liability under all valid and collectible liability insurance policies, bonds, and securities applicable to *bodily injury* or death:

    (i)  Is less than the amount of coverage provided to the *insured* under this Uninsured Motorists coverage; or

    (ii)  Has been reduced by payment to other persons of claims arising from the same occurrence to an amount less than the coverage provided under this Uninsured Motorists coverage.

The limit of our liability is the amount of Uninsured Motorists coverage as stated in the Declarations less the amount paid to the *insured* that exhausts any applicable liability insurance policies, bonds, and securities on behalf of any person who may be held liable for the *bodily injury* or death of the *insured*.

The term *uninsured motor vehicle* does not include:

(a) An *insured auto*;

(b) A motor vehicle owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;

(c) A motor vehicle owned by the United States of America, any other national government, a *state*, or a political subdivision of any such government or its agencies;

(d) A land motor vehicle or trailer operated on rails or crawler-treads or located for use as a residence or premises;

(e) A farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads; or

(f) A motor vehicle furnished for the regular use of *you, your* spouse, or a *relative* who resides in *your* household.

10. *You* and *your* means the policyholder named in the Declarations or his or her spouse if a resident of the same household.

**LOSSES WE WILL PAY**

We will pay damages for *bodily injury* and *property damage* caused by an accident which the *insured* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* arising out of the ownership, maintenance or use of that vehicle.

The amount of the *insured's* recovery for these damages will be determined by agreement between the *insured* or his representative and us. The dispute may be arbitrated if an agreement cannot be reached.

**EXCLUSIONS**

Section IV does not apply:

1. To *bodily injury* to an *insured* if the *insured* or his legal representative has made a settlement of his claim which exhausts the applicable *bodily injury* or death limits of the liability insurance without our prior written consent unless:

(a) We are notified in writing by Certified Mail that a tentative agreement to settle for the liability limits of the owner or operator of the other vehicle has been reached;

(b) We did not make a payment equal to the tentative settlement amount to our *insured* within 30 days of our refusal to consent to the settlement offer; and

(c) We responded to the written notice of settlement within 60 days.

2. To *bodily injury* sustained by *you* or *your relatives* while *occupying*, or through being struck by, an *uninsured motor vehicle* owned by *you* or *your relatives*.

3. To an *insured's* property damaged while in, or through being struck by an *uninsured motor vehicle* owned by an *insured*.

4. To *bodily injury* sustained by an *insured* while occupying a motor vehicle owned by an *insured* and not described in the Declarations and not covered by the Bodily Injury and Property Damage liability coverages of this policy.

5. To any workers' or workmen's compensation insurer, self-insurer or disability benefits insurer in excess of the financial responsibility limits required by Maryland law.

6. To the United States of America or any of its agencies.

7. To the first $250 of *property damage* to the property of each *insured* which is damaged in any one accident.

8. To any insurer either directly or indirectly.

9. To any liability assumed under any contract or agreement.

10. To damage caused by an *insured's* participation in or preparation for any racing, speed, or demolition contest, or stunting activity of any nature, whether or not prearranged or organized.

**PERSONS INSURED**

This coverage applies to the following persons as *insureds*:

1. *You* and *your relatives*;

2. Any other person *occupying* an *insured auto* with *your* consent;

3. Any other person entitled to recover damages because of *bodily injury* to a person described in 1. or 2. above.

**LIMITS OF LIABILITY**

Regardless of the number of *insureds*, autos or *trailers* to which this policy applies:

1. The limit of liability for Uninsured Motorists coverage stated in the Declarations as applicable to "each person" is the limit of our liability for all damages, including those for care or loss of services, due to *bodily injury* sustained by one person as the result of one accident.

2. The limit of liability for Uninsured Motorists coverage stated in the Declarations as applicable to "each accident" is, subject to the above provision respecting each person, the total limit of our liability for all such damages including damages for care and loss of services, due to *bodily injury* sustained by two or more persons as the result of one accident.

3. The limit of Uninsured Motorists Property Damage Liability coverage stated in the Declarations is the total limit of our liability for all such damages, including damages for loss of use of an auto owned by *you*, sustained in any one accident. The limit of liability will not include diminished value of *your insured auto*.

4. When coverage is afforded to two or more autos under this policy, the limits of liability shall apply separately to each auto as stated in the Declarations. But these limits may not be combined so as to increase the stated coverage for the auto involved in the accident.

   If separate policies with us are in effect for *you* or any person in *your* household, they may not be combined to increase the limit of our liability for a loss.

   The amount payable under this coverage will be reduced by all amounts:

   (a) Paid by or for all persons or organizations liable for the injury;
   (b) Paid under the Bodily Injury and Property Damage coverages of this policy;
   (c) Recovered under any workers' or workmen's compensation law, disability benefits law or any similar law, exclusive of non-occupational disability benefits; or
   (d) Paid under a property insurance policy.

5. Any payment made under this coverage shall reduce any amount the *insured* is entitled to receive from the Bodily Injury or Property Damage coverages of this policy.

6. Any amounts paid under the Physical Damage coverages of this policy are not covered under this insurance.

7. We will not be obligated to make any payment under this coverage until all bodily injury and property damage insurance policies available to the *uninsured motor vehicle* and applicable to the accident have been exhausted by the payment of judgments or settlements.

## CONDITIONS

The following conditions apply to the Uninsured Motorists coverage:

1. NOTICE
   As soon as possible after an accident, notice must be given us or our authorized agent stating:

   (a) The identity of the *insured*;
   (b) The time, place and details of the accident; and
   (c) The names and addresses of the injured, and of any witnesses.

   If the *insured* or his legal representative files suit before we make a settlement under this coverage, he must notify us of the suit. The notice shall be detailed to enable us to secure whatever information we may require to protect our interest.

2. PROOF OF CLAIM
   As soon as possible, the *insured*, or other person making claim, must give us written proof of claim, under oath if required. This will include details of the nature and extent of injuries, treatment and other facts which may affect the amount payable.

   Proof of claim must be made on forms furnished by us unless we have not furnished these forms within 15 days after receiving notice of claim.

   The injured person will submit to physical examination at our expense, by doctors chosen by us, as we may reasonably require.

   The injured person, or in the event of his incapacity or death, his legal representative, must, at our request, authorize us to obtain medical reports and copies of records.

   Any person making a claim for damage to property must, within 60 days from the date of accident, file with us a sworn proof of loss. This will be a statement explaining the ownership of the property, its value, any liens or mortgages on the property, and the time, place and circumstances of the accident. Any other insurance on the property must be disclosed to us. The damaged property must be made available for our inspection upon our request.

3. ASSISTANCE AND COOPERATION OF THE *INSURED*
   After we receive notice of a claim, we may require the *insured* to take any action necessary to secure his recovery rights against any person or organization that may be legally responsible for the accident. We may require the *insured* to make that person or organization a defendant in any action against us.

4. OTHER INSURANCE - BODILY INJURY
   When an *insured occupies* an auto or other motor vehicle not described in this policy, this insurance is excess over any other similar insurance available to the *insured*. The insurance which applies to the occupied auto or other motor vehicle is primary.

Except as provided above, if the *insured* has other similar insurance available to him and applicable to the accident, the damages will be deemed not to exceed the higher of the applicable limits of liability of this insurance and the other insurance. If the *insured* has other insurance against a loss covered by the Uninsured Motorists provisions of this policy, we will not be liable for more than our pro-rata share of the total coverage available.

5. OTHER INSURANCE - PROPERTY DAMAGE

   This insurance is excess over any other insurance of any kind applicable to *property damage*. We will pay under this coverage only the amount by which the limit for this coverage is greater than the other insurance available.

6. TRUST AGREEMENT

   Whenever we make a payment under this coverage and have not waived our rights by failing, within 60 days of receipt of any written notice of a tentative agreement to settle for the liability limits, to make a payment equal to the tentative settlement amount:

   (a) We will be entitled to repayment out of any settlement or judgment the *insured* recovers from any person or organization legally responsible for the *bodily injury* or *property damage*.

   (b) The *insured* will hold in trust for our benefit all rights of recovery which he may have against any legally responsible person or organization. He will do whatever is necessary to secure all rights of recovery and will do nothing after the loss to prejudice these rights.

   (c) At our written request, the *insured*, in his own name, will take through our designated representative appropriate actions necessary to recover payment for damages from the legally responsible person or organization. The *insured* will pay us out of the recovery for our expenses, costs and attorney's fees.

   (d) The *insured* will execute and furnish us with any needed documents to secure his and our rights and obligations.

7. PAYMENT OF LOSS

   Any amount due is payable:

   (a) To the *insured* or his authorized representative;

   (b) If the *insured* is a minor, to his parent or guardian, or

   (c) If the *insured* is deceased, to his surviving spouse; otherwise

   (d) To a person authorized by law to receive the payment; or to a person legally entitled to recover payment for the damages.

   We may, at our option, pay any amount due in accordance with (d) above.

8. ACTION AGAINST US

   Suit will not lie against us unless the *insured* and his legal representative have fully complied with all the policy terms.

## SECTION V - GENERAL CONDITIONS
### These Conditions Apply To All Coverages In This Policy

1. TERRITORY

   This policy applies only to accidents, occurrences or losses during the policy period within the United States of America, its territories or possessions, or Canada or when the auto is being transported between ports thereof. Collision coverage only is applicable to accidents occurring in the Republic of Mexico.

2. POLICY PERIOD

   Unless otherwise cancelled, this policy will expire as shown in the Declarations. But, it may be continued by our offer to renew and *your* acceptance by payment of the required renewal premium prior to the expiration date. Each period will begin and expire at 12:01 A.M. local time at *your* address stated in the Declarations.

3. PREMIUM

   When *you* dispose of, acquire ownership of, or replace a *private passenger, farm* or *utility auto*, any necessary premium adjustment will be made as of the date of the change and in accordance with our manuals.

4. CHANGES

   The terms and provisions of this policy cannot be waived or changed, except by an endorsement issued to form a part of this policy.

   We may revise this policy during its term to provide more coverage without an increase in premium. If we do so, *your* policy will automatically include the broader coverage when effective in *your* state.

   The premium for each auto is based on the information we have in *your* file. *You* agree:

   (a) That we may adjust *your* policy premiums during the policy term if any of the information on which the premiums are based is incorrect, incomplete or changed.

   (b) That *you* will cooperate with us in determining if this information is correct and complete.

   (c) That *you* will notify us of any changes in this information.

   Any calculation or recalculation of *your* premium or changes in *your* coverage will be based on the rules, rates and forms on file, if required, for our use in *your* state.

5. DISPOSAL OF VEHICLE

If **you** relinquish possession of a leased vehicle or if **you** sell or relinquish ownership of an **owned auto**, any coverage provided by this policy for that vehicle will terminate on the date **you** do so.

6. ASSIGNMENT

**Your** rights and duties under this policy may not be assigned without our written consent.

If **you** die, this policy will cover:

(a) **Your** surviving spouse, if covered under the policy prior to **your** death, and until the expiration of the policy term;
(b) The executor or administrator of **your** estate, but only while operating an **owned auto** and while acting within the scope of his duties;
(c) Any person having proper temporary custody of and operating the **owned auto**, as an **insured**, until the appointment and qualification of the executor or administrator of **your** estate.

7. CANCELLATION BY THE **INSURED**

**You** may cancel this policy by providing notice to us stating when, after the notice, cancellation will be effective.

If this policy is cancelled, **you** may be entitled to a premium refund. The premium refund, if any, will be computed according to our manuals.

8. CANCELLATION BY US

We may cancel this policy by mailing to **you**, at the address shown in this policy, written notice stating when the cancellation will be effective.

We will mail this notice:

(a) 10 days in advance if the proposed cancellation is for nonpayment of premium or any of its installments when due. The written notice will be by certificate of mail.;
(b) 15 days in advance, when the initial policy is cancelled within 45 days of the policy effective date. The written notice will be by certificate of mail;
(c) 45 days in advance in all other cases. The written notice will be by certified mail.

The mailing or delivery of the notices will be sufficient proof of mailing. The policy will cease to be in effect as of the date and hour stated in the notice.

If this policy is cancelled, **you** may be entitled to a premium refund. The premium refund, if any, will be computed on a pro rata basis. Payment or tender of unearned premium is not a condition of cancellation.

9. RENEWAL

We will not refuse to renew this policy unless written notice of our refusal to renew is mailed to **you,** at the address shown in this policy, at least 45 days prior to the expiration date. The mailing or delivery of this notice by us will be sufficient proof of notice. This policy will expire without notice if any of the following conditions exist:

(a) **You** do not pay any premium as we require to renew this policy.
(b) **You** have informed us or our agent that **you** wish the policy to be cancelled or not renewed.
(c) **You** do not accept our offer to renew or **you** refuse to provide us with renewal classification and rating information as we may require.

10. DIVIDEND PROVISION

**You** are entitled to share in a distribution of the surplus of the company as determined by its Board of Directors from time to time.

11. DECLARATIONS

By accepting this policy, **you** agree that:

(a) The statements in **your** application and in the Declarations are **your** agreements and representations;
(b) This policy is issued in reliance upon the truth of these representations; and
(c) This policy, along with the application and Declaration sheet, embodies all agreements relating to this insurance. The terms of this policy cannot be changed orally.

12. FRAUD AND MISREPRESENTATION

Coverage is not provided to any person who knowingly conceals or misrepresents any material fact or circumstance relating to this insurance:

(a) At the time application is made; or
(b) At anytime during the policy period; or
(c) In connection with the presentation or settlement of a claim.

**13.** EXAMINATION UNDER OATH

The *insured*, or any other person seeking coverage under this policy, must submit to examination under oath by any person named by us when and as often as we may require.

**14.** TERMS OF POLICY CONFORMED TO STATUTES

Any terms of this policy in conflict with the statutes of Maryland are amended to conform to those statutes.

**15.** CHOICE OF LAW

The policy and any amendment(s) and endorsement(s) are to be interpreted pursuant to the laws of the state of Maryland.

## SECTION VI -- AMENDMENTS AND ENDORSEMENTS
## SPECIAL ENDORSEMENT -- UNITED STATES GOVERNMENT EMPLOYEES

**A.** Under the Property Damage Coverage of **Section I**, we provide coverage to United States Government employees, civilian or military, using:

1. Motor vehicles owned or leased by the United States Government or any of its Agencies, or
2. Rented motor vehicles used for United States Government business,

when such use is with the permission of the United States Government.  Subject to the limits described in paragraph **B.** below, we will pay sums *you* are legally obligated to pay for damage to these vehicles.

**B.** The following limits apply to this coverage:

1. A $100 deductible applies to each occurrence.
2. For vehicles described in **A.1.** above, our liability shall not exceed the lesser of the following:

    (a) The *actual cash value* of the property at the time of the occurrence; or
    (b) The cost to repair or replace the property, or any of its parts with other of like kind and quality; or
    (c) Two months basic pay of the *insured*; or
    (d) The limit of Property Damage Liability coverage stated in the Declarations.

3. For vehicles described in **A.2.** above, our liability shall not exceed the lesser of the following:

    (a) The *actual cash value* of the property at the time of the occurrence; or
    (b) The cost to repair or replace the property, or any of its parts with other of like kind and quality; or
    (c) The limit of Property Damage Liability coverage stated in the Declarations.

This insurance is excess over other valid and collectible insurance.

W. C. E. Robinson
Secretary

O. M. Nicely
President

HOME OFFICE
5260 Western Avenue
Chevy Chase, Maryland 20815-3799

PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 350 South Grand Avenue, Suite 2600, Los Angeles, California.

On ___August 14___, 2013 I served, in the manner indicated below, the foregoing document described as:

**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Los Angeles, addressed as follows:

| **PLAINTIFF COUNSEL** | Steve A. Hoffman, Esquire<br>LAW OFFICES OF STEVE A. HOFFMAN<br>4929 Wilshire Boulevard, Suite 410<br>Los Angeles, California 90010<br>323.937.1537<br>323.937.1539, fax<br>hoffpi@sbcglobal.net |
| --- | --- |

☒  BY REGULAR MAIL:  I caused such envelopes to be deposited in the United States mail at Los Angeles, California, with postage thereon fully prepaid.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. §1013(a)(3)).

☒  FEDERAL:  I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on August ___14___, 2013, at Los Angeles, California.

_____
Julie Wall

13

Case No. TBD

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

17760714

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Stephen V. Wilson _____ and the assigned Magistrate Judge is _____ Carla Woehrle _____ .

The case number on all documents filed with the Court should read as follows:

## 2:13CV5954 SVW CWx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

August 14, 2013
_____
Date

By  J.Prado
_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| CHRISTOPHER SUTTON, on behalf of himself, all others similarly situated and the general public | GEICO INDEMNITY COMPANY<br>GOVERNMENT EMPLOYEES INSURANCE COMPANY<br>GEICO GENERAL INSURANCE COMPANY<br>GEICO CASUALTY COMPANY |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| STEVE A. HOFFMAN, ESQ.<br>LAW OFFICES OF STEVE A. HOFFMAN<br>4929 WILSHIRE BLVD., STE. 410<br>LOS ANGELES, CALIFORNIA 90010<br>323-937-1537 | ROBERT J. GIBSON, ESQ.<br>ALINA MOORADIAN, ESQ.<br>SNELL & WILMER LLP<br>600 ANTON BOULEVARD, #1400<br>COSTA MESA, CALIFORNIA 92626<br>714-427-7000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No  ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C § 1441(b) Diversity

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: CV13- 5954

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.
www.FormsWorkflow.com

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Maryland |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  August 14, 2013

Robert J. Gibson

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**CIVIL COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

1   PROOF OF SERVICE

2   I am employed in the County of Los Angeles, State of California.  I am over the age
of 18 and not a party to the within action; my business address is 350 South Grand
3   Avenue, Suite 2600, Los Angeles, California.

4   On ___August   14___, 2013 I served, in the manner indicated below, the
foregoing document described as:

5

6   **CIVIL COVER SHEET**

7   on the interested parties in this action by placing true copies thereof, enclosed in
sealed envelopes, at Los Angeles, addressed as follows:

| 8   **PLAINTIFF COUNSEL** | Steve A. Hoffman, Esquire |
|---|---|
| 9 | LAW OFFICES OF STEVE A. HOFFMAN |
| 10 | 4929 Wilshire Boulevard, Suite 410 |
|  | Los Angeles, California 90010 |
| 11 | 323.937.1537 |
|  | 323.937.1539, fax |
| 12 | hoffpi@sbcglobal.net |

13   ☒   BY REGULAR MAIL:  I caused such envelopes to be deposited in the
United States mail at Los Angeles, California, with postage thereon fully
14   prepaid.  I am readily familiar with the firm's practice of collection and
processing correspondence for mailing.  It is deposited with the United States
15   postal service each day and that practice was followed in the ordinary course
of business for the service herein attested to (C.C.P. §1013(a)(3)).

16

17   ☒   FEDERAL:  I declare that I am employed in the office of a member of the
bar of this Court, at whose direction the service was made.

18   EXECUTED on August____14____, 2013, at Los Angeles, California.

19

20   Julie Wall

21

22

23

24

25

26

27

28

13                                    Case No. TBD

GEICO's NOTICE OF REMOVAL OF ACTION

17760714