UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-05954 SVW (CWx) | Date | November 5, 2013 |
|---|---|---|---|
| Title | Christopher Sutton v. Geico Indemnity Company et al. | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER Re Sua Sponte Remand [11]

On July 1, 2013, Christopher Sutton ("Plaintiff") filed a complaint on behalf of himself and approximately 200 other similarly situated individuals against Geico Indemnity Company, Government Employees Insurance Company, Geico General Insurance Company, and Geico Casualty Company ("Defendants"). Sutton asserts that he participated in uninsured motorist arbitration with Defendants. (Not. Removal, Ex. A (Compl.) ¶ 1). Although he received a monetary award after the arbitration, Sutton states that Defendants unlawfully withheld required post-arbitration interest payments. (Id.).

On August 14, 2013, Defendants filed a notice of removal. (Dkt. 1). Defendants asserted in their notice that the Court had diversity jurisdiction under 28 U.S.C. § 1332(a). (Not. Removal, at 4-5). Defendants stated that the amount in controversy exceeded $75,000 based on the amount of the post-arbitration interest improperly withheld for each plaintiff. (Id. ¶¶ 28-29).

On September 16, 2013, the Court issued an order to show cause why the case should not be remanded for lack of subject matter jurisdiction. (Dkt. 11). On September 25, 2013, the Defendants filed a response to the Court's order. (Dkt. 12). Defendants stated in their response that after review, they could not say with certainty that the amount in controversy exceeded $75,000. (Respons, ¶ 1).

Plaintiff has expressed opposition to remand under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). However, CAFA was not a ground for Defendants' removal, and the allegations in Plaintiff's complaint are inconsistent with the availability of federal jurisdiction under CAFA. Plaintiff's complaint alleges that "the total, combined damages amount of all the classes alleged in this lawsuit are less than $5 million." (Compl. ¶ 19). The complaint further alleges that "the amount of interest owed to each Class Member is relatively small, i.e. up to a few hundred dollars." (Id. ¶ 42).

Based on the foregoing, the Court determines that remand to state court is appropriate. The case is REMANDED.

|  | : |
|---|---|
| Initials of Preparer | PMC |